## McCULLOUGH *v.* KAMMERER CORPORATION ET AL.

No. 46. Argued December 11, 1944.—Decided January 2, 1945.

*Mr. A. W. Boyken,* with whom *Messrs. R. Welton Whann* and *Robert M. McManigal* were on the brief, for petitioner.

*Mr. Leonard S. Lyon,* with whom *Mr. Frederick S. Lyon* was on the brief, for respondents.

*Solicitor General Fahy* and *Assistant Attorney General Berge* filed a brief on behalf of the United States, as *amicus curiae,* in support of petitioner.

PER CURIAM.

In this case both the District Court and the Circuit Court of Appeals for the Ninth Circuit have held valid and infringed the Reilly and Stone Patent, No. 1,625,391, of April 19, 1927, for a pipe cutting tool, of which patent respondent Kammerer Corporation is assignee. The patent expired on April 18, 1944, only damage for infringement is involved, and there is no conflict of decision with respect to the patent. This Court granted certiorari only because the petition for certiorari presented as a ground of defense to the suit, that respondent Kammerer Corporation had licensed to respondent Baash-Ross Tool Company the use of the patented device in suit, by an agreement which stipulated for restrictions on such use which are asserted to be unauthorized by the patent monopoly, contrary to public policy, and unlawful.

On oral argument and submission of the cause it appears that although petitioner by its amended answer alleged generally that respondents "do not come into . . . court with clean hands," the answer made no mention of the restrictions contained in the license agreement. The District Court made no findings of fact or law with respect to them. On appeal to the Circuit Court of Appeals petitioner assigned no error with reference to them and the Circuit Court of Appeals did not consider them, saying: "We affirm the judgments of the District Court, considering here only the appellant's claim of error." 138 F. 2d 482.

Thus the only question for which we granted certiorari is one not properly raised, litigated or passed upon below. *Duignan* v. *United States,* 274 U. S. 195, 200; *Burnet* v. *Commonwealth Improvement Co.,* 287 U. S. 415, 418; *Zellerbach Paper Co.* v. *Helvering,* 293 U. S. 172, 182; *United States* v. *Classic,* 313 U. S. 299, 329. The grounds

asserted for the allowance of certiorari are inadequately supported by the record, and the writ is therefore

*Dismissed.*