

George C. Sutherland, of Grundy, Va., for appellant.

G. Mark French, of Clintwood, Va., for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

R. Welton Whann and Robt. M. Mc-Manigal, both of Los Angeles, Cal., and A. W. Boyken, of San Francisco, Cal. (K. L. Taulbee, of Los Angeles, Cal., of counsel), for appellant.

Frederick S. Lyon and Leonard S. Lyon, both of Los Angeles, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

## PER CURIAM.

On this appeal we affirmed the judgments of the District Court holding that patent No. 1,625,391, owned by appellee Kammerer Corporation and of which appellee Baash-Ross Tool Company was sole licensee, had been infringed by appellant and awarding injunctions and ordering accountings of and payment by appellant to appellees of profits and damages with costs of suit.

Certiorari was sought from the Supreme Court on the ground that the patent was invalid and if valid not infringed, and on the further ground that the license agreement between the appellees was against the public interest and hence that all equitable relief should be denied appellees. Certiorari was denied, 322 U.S. 739, 64 S.Ct. 1056. Later, upon a motion for rehearing, the writ was granted, 322 U.S. 766, 64 S.Ct. 1277. On January 2, 1945, the Supreme Court dismissed the writ and

remanded the case to this court, 323 U.S. 327, 65 S.Ct. 297. In the interim the patent had expired.

In this court the appellant, admitting the finality of our judgment that the patent is valid and infringed by him, repeats his claim that the license agreement of appellees violates the public interest. . He moved that the ordered accountings, damages and costs be denied appellees by this court; or, in the alternative, that permission be granted him to move in the District Court below that such relief be denied appellees. The motion was argued on behalf of all the parties and submitted.

Without passing upon the merits of appellant's contention respecting the effect on the public interest of appellees' license agreement, and without altering our judgment affirming the judgments of the District Court as to the validity of the patent and its infringement, it is ordered that the judgment of this court be otherwise amended to provide that the cause be remanded to the District Court and that that court may entertain a motion or motions based upon such contention to modify or set aside its order or orders for such damages and accountings thereof, and take such action thereon as it may determine.