## McCULLOUGH v. KAMMERER CORPORATION et al. (two cases).

### No. 11122.

Circuit Court of Appeals, Ninth Circuit.
June 29, 1946.
Rehearing Denied Sept. 9, 1946.

R. Welton Whann and Robert M. McManigal, both of Los Angeles, Cal., and A. W. Boyken, of San Francisco, Cal., for appellant.

Frederick S. Lyon and Leonard S. Lyon, both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and ORR, Circuit Judges.

ORR, Circuit Judge.

On June 28, 1941, the District Court for the Southern District of California entered interlocutory judgments holding the Reilly-Stone patent No. 1,625,391, owned by appellee Kammerer Corporation and licensed

to appellee Baash-Ross Toll Company, to be valid and infringed by appellant [39 F.Supp. 213]. A permanent injunction was granted [1] and appellant was ·ordered to pay appellees such profits and damages as an accounting would show were sustained as a result of the infringement.

On appeal here we affirmed, 9 Cir., 138 F.2d 482, and denied a petition for rehearing, 9 Cir., 143 F.2d 595. Certiorari to the Supreme Court was sought and denied, 322 U.S. 739, 64 S.Ct. 1056, 88 L.Ed. 1573, but granted on petition for rehearing, 322 U.S. 766, 64 S.Ct. 1277, 88 L.Ed. 1593. The granting of certiorari was to consider the contention of appellant that appellee Kammerer's license agreement with appellee Baash-Ross contained restrictions, unauthorized by the patent, against public policy and unlawful.

After hearing, the Supreme Court dismissed the writ of certiorari, 323 U.S. 327, 65 S.Ct. 297, 298, 89 L.Ed. 273, holding that the "only question for which we granted certiorari is one not properly raised, litigated or passed upon below", because the District Court had made no findings on this issue of unlawful patent use, nor had the matter been raised before this court on appeal.

On dismissal of the writ of certiorari appellant moved this court for a denial of the accounting and damages to appellees, or, in the alternative, that appellant be permitted to make such a motion in the District Court.

We amended our former judgment of affirmance and remanded the cause to the District Court saying:

"In this court the appellant, admitting the finality of our judgment that the patent is valid and infringed by him, repeats his claim that the license agreement of appellees violates the public interest. He moved that the ordered accountings, damages and costs be denied appellees by this court; or, in the alternative, that permission be granted him to move in the District Court below that such relief be denied appellees. The motion was argued on behalf of all the parties and submitted.

"Without passing upon the merits of appellant's contention respecting the effect on the public interest of appellees' license agreement, and without altering our judgment affirming the judgments of the District Court as to the validity of the patent and its infringement, it is ordered that the judgment of this court be otherwise amended to provide that the cause be remanded to the District Court and that that court may entertain a motion or motions based upon such contention to modify or set aside its order or orders for such damages and accountings thereof, and take such action thereon as it may determine." 148 F.2d 525, 526.

In the District Court appellant moved (a) to modify the ˙interlocutory judgment of June 28, 1941 by eliminating the provision for an accounting .and for payment by appellants to appellees of damages for infringement, and, (b) for final judgment dismissing the original complaints of appellees. In support of this motion appellant pressed its contention of patent misuse of ·restraint of trade.  .

The District Court on June 5, 1945 denied appellant's motion to modify the original judgment, to stay the accounting, and for final judgment dismissing the complaints, and ordered that the accounting be resumed.

From the order denying the motion to modify the judgment, and denying the motion to dismiss the original complaints, appellant has appealed. Appellant contends that jurisdiction of this court to entertain said appeal is found in § 129 of the Judicial Code, as amended, 28 U.S.C.A. § 227a, which reads:

"When in any suit in equity for the infringement of letters patent for inventions, a decree is rendered which is final except for the ordering of an accounting, an appeal may be taken from such decree to the circuit court of appeals: Provided, That such appeal be taken within thirty days from· the entry of such decree or from February 28, 1927; and the proceedings upon the accounting in the court below shall not be stayed unless so ordered by that court during the pendency of such appeal."

---

[1] The patent expired on April 18, 1944, leaving damage for infringement the only issue.

■ We do not agree. Said section has no application since the order appealed from is not a decree, final or otherwise. A denial of a motion to modify a judgment and a denial of a motion to dismiss a complaint is not a final decree within § 227a.[2] It is true that an "order" can be a "judgment",[3] and it is equally true that it is the court's *action* which determines the character of its decision. But here the District Court specifically refused to enter a "supplemental interlocutory judgment". Its order reads:

"Motion for entry of Supplemental Interlocutory Judgment is denied, as the motion to modify the judgment was denied, the original judgment stands. L.R.Y."

Appellant appealed from the interlocutory judgment of June 28, 1941, under Judicial Code § 129, as amended. No further appeal under this section is open to him because the interlocutory judgment appealed from stands and is still "final except for the order of an accounting".

■ The order of June 5, 1945, denying the motion to modify the judgment was not a "final decision" within § 128 of the Judicial Code, 28 U.S.C.A. § 225,[4] nor was the order denying the motion to dismiss a final judgment so as to give us jurisdiction of the attempted appeal from said order.[5]

In Catlin v. United States, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911, the Supreme Court, speaking of a motion to dismiss the Government's petition for condemnation, which motion had been denied, and from which order of denial an appeal had been dismissed by the Circuit Court of Appeals, said:

"Had this motion [to dismiss] been granted and judgment of dismissal been entered, clearly there would have been an end of the litigation and appeal would lie within Section 128 [citing cases]. But denial of a motion to dismiss, even when the motion is based on jurisdictional grounds, is not immediately reviewable [citing cases]. Certainly this is true whenever the question may be saved for disposition upon review of final judgment disposing of all issues involved in the litigation. * * *"

■ In this case had the motion to dismiss been granted there would have been an end to the litigation but having denied the motion and permitted the interlocutory judgment to stand as originally entered, the question presented by this appeal "may be saved for disposition upon review of final judgment disposing of all issues involved in the litigation", that is, when final judgment after the accounting is entered.

Appeal dismissed.

DENMAN, Circuit Judge (dissenting).

The Supreme Court has held that, where presented, the issue of the misuse of a patent, against the public interest, is "dominant." The words of Mercoid Corp. v. Midcontinent Investment Co., 320 U.S. 661, 665, 64 S.Ct. 268, 271, 88 L.Ed. 376, are that it is not the private use but "the public interest which is dominant." Cf. Vitamin Technologists v. Wisconsin Alumni Research, 9 Cir., 146 F.2d 941, 944.

Where the dominant public interest is violated the court will refuse all equitable relief, here the equitable relief of injunction and accounting. Mercoid Corp. v. Midcontinent Investment Co., supra, 320 U.S. 661, 670, 64 S.Ct. 268, 88 L.Ed. 376. Such a dominant interest will be protected sua sponte by an appellate court where it discovers such violation. Beasley v. Texas & Pac. R. Co., 191 U.S. 492, 498, 24 S.Ct. 164, 48 L.Ed. 274.

It is apparent that if the complaint here had tendered such a dominant issue, with the issues of validity and infringement,

---

2 See cases in footnotes 4 and 5.

3 Rule 54, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Rosenberg v. Heffron, 9 Cir., 131 F.2d 80, 82.

4 Republic Supply Co. v. Richfield Oil Co., 9 Cir., 74 F.2d 909; Jackson v. Heiser, 9 Cir., 111 F.2d 310; Old Colony Trust Co. v. Kurn, et al., 8 Cir., 138 F.2d 394. See Bowers v. E. J. Rose Co., 9

Cir., 149 F.2d 612, 613; Bensen v. United States, 9 Cir., 93 F.2d 749.

5 Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911; Western Fruit Growers Inc. v. United States, 9 Cir., 124 F.2d 381, 385; Toomey v. Toomey, 80 U.S.App.D.C., 77, 149 F.2d 19; Ballard v. Mutual Life Ins. Co., of N. Y., 5 Cir., 109 F.2d 388.

and on a motion to dismiss that issue had been decided adversely to the plaintiff, and the issues of validity and infringement held for the plaintiff and an accounting ordered, the decision of the issue of public misuse would have been "final except for an accounting" within 28 U.S.C.A. § 227a.

Such a dominant issue was presented to this court. We referred it to the district court with the power to entertain and decide that issue through the medium of a motion to deny the equitable relief of an accounting. The district court entertained a motion for the decision of that dominant issue and its adverse decision adjudicated it finally, except for an accounting. Its order was a final decision, except for an accounting. There was nothing else for the lower court to do.

I dissent from the holding that the denial of that motion is not a final decision on the dominant issue because it was presented in such a motion. This is a clear case of obscuring in the form the essence of what, under our order, the lower court undertook and did.

To say, as the opinion does, that the order would be final and appealable if it had been decided the other way, makes clear that the court's opinion is not thinking of what the issue was that was decided but of the form of procedure in which the issue was presented.

Moreover, our order gave the lower court the power "to take such action thereon as it may determine." The lower court did more than entertain the motion to deny the equitable relief of accounting. It entertained and denied appellant's motion to dismiss the *action,* not the judgment. This is what the court could have done sua sponte. While in other than patent litigation such a denial of a motion to dismiss, on a ground requiring dismissal if valid, is not appealable, in a patent suit where nothing remains but the equitable relief of accounting, it is appealable.

No one of the cases cited to the proposition of the lack of appealable finality in an order denying a motion to vacate an order, is a patent case in which the lower court had been permitted to decide the dominant issue of public misuse. None had pre-

sented, much less considered, the situation where the motion for the first time presents the issue of public misuse—an issue, as seen, to be injected into the case by the appellate court sua sponte at anytime—requiring the setting aside of the order as a mere incident of dismissing the action for equitable relief in its entirety.

The appeal should be entertained.

Rehearing denied; DENMAN, Circuit Judge, dissenting.