**Jerome GROSS, Plaintiff,**

v.

**JFD MANUFACTURING CO., Inc., Defendant.**

No. 60–C–841.

United States District Court E. D. New York.

June 29, 1962.

John M. Calimafde, New York City (Roy C. Hopgood and Paul H. Blaustein, New York City, of counsel), for plaintiff.

S. Stephen Baker, New York City, for defendant.

DOOLING, District Judge.

In holding that plaintiff's patent (No. 2,688,655 of September 7, 1954) on a stand-off insulator for television antenna lead-ins and similar high frequency conductors is valid and has been infringed, the unsatisfactory but inescapable solipsism that subjects patent applications to the test of as many different standards of patentability as there are district judges, is unavoidably present. It cannot be much comfort that the standards can, within the limits of Rule 52, F.R.Civ. P. 28 U.S.C.A., be reduced to eleven spectra of standards, that overlap, or that occasionally the Supreme Court can intervene to give a new direction to the whole course of adjudication.

Here plaintiff has emphasized the statutory presumption of validity and the statutory burden of proving invalidity (35 U.S.C.A. § 282) and has emphasized the formal circumstances that, under the cases, contribute strength to the presumption: the careful scrutiny of the application in the patent office as shown by the file history, the fact that the art cited in the course of the prosecution is more relevant than the other art advanced by defendant, the effectiveness of the patent in solving a recognized indus-

try problem, the adoption of the solution by the industry as a whole, including defendant, and the occurrence of plaintiff's contribution in a crowded art in which only modest advances could be expected. Indeed, plaintiff offered proof of patent office procedure, of the content of the classes searched by the examiner, and what amounted, in effect, to a statistical demonstration of the degree to which the art could be said to be crowded. Plaintiff, in a word, sought to objectify the standards that the decisions apply subjectively. That effort, while a salutary corrective, leads only to a refinement in the final subjectivism and a recognition of it as subjectivism. Strangely, although every circumstance of theory suggests it, the Courts have not treated the granting of a patent as such an administrative proceeding as is entitled to its own precinct of action safe from judicial interference; not even though it is apparent that when the Courts deny validity to a patent they are impotent, as the Commissioner of Patents is not, to reinvest the applicant with the consideration—disclosure of his art—that he paid for the supposed patent monopoly. Of course, often, as here, no harm would result where to exploit the art is to disclose it fully. Plaintiff's proof, in its ultimate, would require the Courts not to disturb the grant of a patent save in the same circumstances that they would set aside action taken within the "quasi-legislative" areas of administrative action, and it must be supposed that the ex parte nature of the proceedings forbids that.

The finding of validity here is rested on the presumption and on rejection of the contention that "obviousness" is self-evident. Obviousness has not been shown as a fact; indeed, other solutions preexisted or accompanied plaintiff's (Odegaard and Marth) and were different and, in the judgment of the trade, inferior. Obviousness in a legal sense, that is, judicially noticeable obviousness, subjectively arrived at, is not present: there is here only that patina of obviousness that correct solutions always have,

no less in mechanics than in mathematics, and that arises from the subjective tendency to treat what is comprehended as being obvious.

Findings of fact and conclusions of law awarding an interlocutory judgment to plaintiff have been separately made.