Jerome GROSS, Plaintiff,

v.

JFD MANUFACTURING CO., Inc., Defendant.

Civ. No. 60–C–841.

United States District Court E. D. New York.

Sept. 27, 1962.

John M. Calimafde, New York City, for plaintiff, for the motion.

S. Stephen Baker, New York City, Donald H. Shaw, New York City, of counsel, for defendant, in opposition.

RAYFIEL, District Judge.

The plaintiff, claiming that the defendant had infringed on Letters Patent No. 2,688,655, duly issued to and then owned by him, brought this action under Sections 1338 and 1400 of Title 28 United States Code, for a preliminary and final injunction against further infringement of said patent, an accounting of profits and damages, and an assessment of costs. After trial of the issues my colleague, Judge Dooling, having found that said patent was valid and had been infringed, granted judgment to the plaintiff, D.C., 207 F.Supp. 631, permanently enjoining the defendant and those controlled by it from further infringements thereof, and awarding him costs, attorney's fees and damages in an amount adequate to compensate him for such infringement. The defendant filed a notice of appeal from said judgment. Such is the present posture of the case.

The plaintiff now moves pursuant to Rules 69 and 34 of the Federal Rules of Civil Procedure, 28 U.S.C. and Rule 33 of the General Rules of this Court for an order requiring the defendant

"1. To produce and permit plaintiff and his accountant to inspect books of accounting, records, statements, invoices and all other papers necessary to determine the total number of 'PAL' insulators made or sold since September 7, 1954; the total income derived from the sale of said 'PAL' insulators; the gross profit earned on such sales; the net profit and the cost factors considered in arriving at the net profit.

"2. In the alternative, to set the amount of the supersedeas bond at $300,000."

It is the plaintiff's contention that he is entitled to an examination of the defendant in supplementary proceedings in aid of execution under Rules 69(a) and 34, supra, or, in the alternative, to an order requiring the defendant to post a supersedeas bond in the sum of $300,000.

I disagree. Rule 69(a), supra, provides for the issuance of an execution to *enforce payment* of a specific amount referred to in a judgment, and, in aid thereof, for supplementary proceedings for the purpose of enabling a judgment-creditor to *locate assets* belonging to the judgment-debtor for the satisfaction of the judgment, and not, as the plaintiff contends, to ascertain and compute the amount of damage sustained by him.

The judgment herein awards no specific amount to the plaintiff. As is generally the case in patent actions the judgment herein is interlocutory in character and provides for the computation and determination of his damages in an accounting proceeding. The defendant filed a notice of appeal therefrom, as he had the right to do under Section 1292 (a) (4) of Title 28 United States Code, which provides that "The courts of appeals shall have jurisdiction of appeals from: * * * Judgments in civil ac-

tions for patent infringement which are final except for accounting." That section was probably enacted to avoid the "[L]arge expenses (which) were frequently involved in such accountings and needlessly incurred where recovery was ultimately denied by a reversal of the decree on the merits upon appeal." See Moore's Federal Practice, Second Edition, Volume 6, ¶54.06[6] p. 44.

The principle was well stated in Patterson-Ballagh Corp. v. Moss, 9 Cir., 201 F.2d 403, at page 408, as follows:

"The reason for allowing appeals in patent infringement cases from interlocutory orders under 28 U.S. C.A. § 1292(4) is to prevent useless waste of time and money for an accounting where a patent has been improperly held valid and infringed by a lower court. Determination of ancillary questions relating to scope of damages, attorneys' fees and willful infringement can well await final judgment."

The plaintiff, however, may proceed with the accounting proceeding since Rule 62(a) of the Rules of Civil Procedure provides:

"Stay of Proceedings to Enforce a Judgment

"(a) Automatic Stay; Exceptions —Injunctions, Receiverships, and Patent Accountings. Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. *Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal.*" (Emphasis mine.)

and there was no provision for a stay, pending appeal, of the judgment rendered by Judge Dooling. The plaintiff may, of course, make an appropriate motion for a stay.

The motion is denied. Settle order on notice.