**RANSBURG ELECTRO-COATING CORP., Appellee,**

v.

**PROCTOR ELECTRIC COMPANY, Inc., and Ionic Electrostatic Corporation, Appellants.**

No. 8844.

United States Court of Appeals Fourth Circuit.

Argued March 27, 1963.

Decided May 14, 1963.

Harry Sommers, Newark, N. J. (Robert F. Beck, Paterson, N. J., on brief), for appellants.

James P. Hume, Chicago, Ill. (G. C. A. Anderson, Anderson, Barnes, Coe & King, Baltimore, Md., Howard W. Clement, Chicago, Ill., and Verne A. Trask, Indianapolis, Ind., on brief), for appellee.

Before HAYNSWORTH and BOREMAN, Circuit Judges, and PREYER, District Judge.

HAYNSWORTH, Circuit Judge.

In this appeal of a patent case, the defendant principally asserts invalidity of the plaintiff's patents in light of the prior art, file wrapper estoppel against construction of the patent claims so as to cover the accused devices and methods for electrostatic spray painting and of double patenting arising out of the voluntary separation of method and apparatus claims, with the resultant issue of two separate patents, one of which includes method claims, the other of which includes apparatus claims.

After the trial in the Court below, the District Judge prepared and filed a very comprehensive opinion,[1] in which he fully deals with the principal contentions of the defendant on this appeal. Nothing need be added here to the very complete and adequate discussion of those issues by the District Judge, for this Court reaches the same conclusion for the reasons stated by the District Judge.

On appeal, the defendant tenders two issues which were not raised below. We have considered them, despite the fact that they are tendered here for the first time, but we find no merit in them.

The first of the two contentions is that Ransburg Patent No. 2,893,894, one of the five principal patents in suit, is void for double patenting over Ransburg Patent No. 2,658,472, a patent which is not in suit, though owned by the plaintiff. The '472 patent was directed principally to an apparatus for delivery of paint to an extended edge of an atomizing head with improved uniformity with resultant improvement in the uniformity of distribution of the spray. The extended head of the '472 patent could be straight or circular, and, if circular, either rotating or stationary. The patentee explained in '472 that he was claiming the rotating head as such in a separate application, upon which the '894 patent ultimately issued. The '894 patent is principally directed to the electrostatic formation of small cusps in a thin film of coating material and the electrostatic atomization of liquid drawn from the spaced cusps. The principal advance of the '894 patent, was the elimination of mechanical means for the formation of such cusps, which, theretofore, had been thought essential in electrostatic spray coating.

We thus find that the two patents deal with different subject matter, and '472 having been made junior to '894, we find no basis for the belated claim of double patenting.

The other belated contention is that the '894 patent is invalid because of the plaintiff's own use of its method and apparatus during a period which the defendant contends was a hiatus in the applications. The '894 invention was originally claimed in Serial No. 57,259, of which later Application Serial No. 143,994 was a continuation in part. The Examiner rejected the application and the Board of Appeals of the Patent Office affirmed on October 4, 1956. Thereupon, the plaintiff promptly brought a civil action seeking an allowance of his application. Before that civil action came on for trial, however, the patent office decided to allow claims on the basis of the disclosure in Application Serial No. 143,994. Thereupon, the civil action was dismissed by stipulation without prejudice

1. Ransburg Electro-Coating Corp. v. Proctor Electric Co., D.Md., 203 F.Supp. 235.

to the allowance of patent claims and the '894 patent issued.

The defendant contends that when the civil action was dismissed, there occurred a technical abandonment of the application as of the earlier date six months after the Appeals Board originally affirmed the Examiner's rejection of the application.

The contention that continuity of the application was broken during pendency of the civil action finds some support in such old decisions as that of the patent Board of Appeals in Drew v. Van Cleef, (P.O.Bd.App.) 48 U.S.P.Q. 643, 645. In 1948, however, the Commissioner of Patents revised the practice, and by order published in the Official Gazette on September 28, 1948, provided that an application would not be considered abandoned as of a date prior to the date of dismissal of a civil action, if abandonment is predicated upon the dismissal alone. This appears to have been the purpose of Section 120 of the 1952 Patent Act, which provides, in effect, that an application has the effective date of a previous application filed by the same inventor, if "filed before the patenting or abandonment of or termination of proceedings" on the earlier application. Certainly the civil action in which the plaintiff sought allowance of its claims on the basis of his Application Serial No. 143,994, having been promptly and timely filed, was a "proceeding" on that application, and we cannot under the statute hold that the application was abandoned prior to the date of the voluntary dismissal, without prejudice, of the civil action.

We conclude that the District Court properly found the plaintiff's patents valid and infringed. We, therefore, affirm the judgment below and remand the case for the assessment of the damages, and for such further proceedings as may be appropriate.

Affirmed.