**SEABOARD SURETY COMPANY,**
Petitioner,

v.

**The Honorable R. Dorsey WATKINS, United States District Judge for the District of Maryland, Respondent.**

No. 73-2012.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 6, 1973.

Decided Nov. 9, 1973.

---

Guy W. Shoup, New York City (Wyatt, Gerber & Shoup, New York City, David F. Albright, Semmes, Bowen & Semmes, Baltimore, Md., on brief), for petitioner.

Edward F. Levy, New York City (Lawrence A. Kaufman, Cable, McDaniel, Bowie & Bond, Baltimore, Md., on brief), for Ionic Electrostatic Corp.

Clyde F. Willian, Chicago, Ill. (Robert L. Harmon, Hume, Clement, Brinks, Willian, Olds & Cook, Ltd., Chicago, Ill., John F. King, Anderson, Coe & King, Baltimore, Md., on brief), for respondent.

Before HAYNSWORTH, Chief Judge, and WINTER and WIDENER, Circuit Judges.

**PER CURIAM:**

In this application for a writ of mandamus, we cannot say that the district court abused its discretion when it declined to dismiss the action for want of prosecution, and we will therefore deny the writ. At the same time, we conclude that there has been such unconscionable delay in the final disposition of the underlying litigation as to warrant extraordinary relief. More than ten years have elapsed since the validity and infringement of plaintiff's patents were finally determined and since we remanded the case for assessment of damages. Ransburg Electro-Coating Corp. v. Proctor Electric Co., 317 F.2d 302 (4 Cir. 1963). *See also* Ransburg Electro-Coating Corp. v. Ionic Electrostatic Corp., 395 F.2d 92 (4 Cir. 1968), cert. denied, 393 U.S. 1018, 89 S.Ct. 623, 21 L.Ed.2d 562 (1969); Ransburg Electro-Coating Corporation v. Ionic Electrostatic Corporation, 431 F.2d 947 (4 Cir. 1970). The action has been pending for a longer period of time (sixteen years) than any civil action pending in the district of Maryland and for a longer period of time than any other action for patent infringement shown as pending in *any* United States district court on the records of the Administrative Office of the United States. Even now, counsel cannot agree on the exact status of the litigation and what motions, formal or informal, have been submitted to the district court and remain undecided.

It appears that a potential future cause of delay may be a belated claim by Ransburg Electro-Coating Corporation that Ionic Electrostatic Corporation's Model 10, with metal head, infringes Ransburg's patents. The issue has not been formally litigated, but we are persuaded that Ransburg has been aware of this alleged claim for a sufficient number of years, with such dilatoriness and failure on its part to assert any cause of action arising thereunder that it should not now be permitted to claim that said Model 10 is an infringing device, the

manufacture or sale of which entitled it to damages.

Accordingly, in the exercise of our authority to supervise the functioning of district courts within this circuit, and in furtherance of the rulings aforesaid, we order and direct the following:

(1) The parties shall initiate and complete all discovery necessary to prepare for a trial for final disposition of this action within 90 days from the date hereof. Other than for the purposes of discovery, no party shall be permitted to file any motions after the date hereof.

(2) Any objections or exceptions to discovery, or failure to respond to discovery, shall be decided at said trial.

(3) If it should appear that any party has abused the processes of discovery or employed discovery for harassment or oppression, the district court may impose appropriate sanctions, including, but not limited to, dismissal of the action, the assessment of monetary penalties, or such other relief as appears appropriate to arrive at a just and reasonable result.

(4) Within 90 days after the period for completion of discovery, the district court shall conduct such trial, and it shall decide all issues and questions presented and assess damages promptly after hearing.

(5) There shall be excluded from the present and any future litigation any question of whether Ionics' Model 10, with metal head, infringes Ransburg's patents, provided that said Model 10 has been manufactured or sold prior to the date hereof.

(6) The district court is relieved from deciding whatever motions, if any, formal or informal, which may be pending before it on the date hereof.

(7) There shall be no departure from the timetable or the procedures prescribed herein except upon our approval, for good cause shown.

(8) The costs of this application for a writ of mandamus shall be paid by Ransburg.

(9) The Clerk shall issue the mandate forthwith.