**BRICK et al. v. A. I. NAMM & SONS, Inc.**

District Court, E. D. New York. July 21, 1927.

**1. Patents ⬳324(1)—Statute does not authorize final decree pending appeal from interlocutory order granting injunction in patent case, on waiver of accounting (Act Feb. 28, 1927 [44 Stat. 1261], amending Judicial Code, § 129).**

Act Feb. 28, 1927 (44 Stat. 1261) amending Judicial Code, § 129, does not authorize entry of final decree because of waiver of an accounting, where an appeal is pending in higher court from an interlocutory decree holding a patent valid and infringed, granting an injunction, and ordering an accounting; the trial court being without jurisdiction during pendency of the appeal, notwithstanding waiver.

**2. Patents ⬳324(5⅛)—Rightfulness of accounting required by interlocutory decree in suit to enjoin infringement of patent is reviewed only after final decree.**

The question of the rightfulness of accounting required by an interlocutory decree enjoining further infringement of patent is reviewed only after the entry of a final decree.

In Equity. Suit by George H. Brick and another against A. I. Namm & Sons, Inc. From an interlocutory decree for plaintiffs, granting an injunction and directing an accounting, defendant appealed. Plaintiffs waive the accounting and move for final decree. Motion denied.

Leonard Day, of New York City, for the motion.

Mock & Blum, of New York City, opposed.

INCH, District Judge. This is a motion for final decree in a patent suit, which had resulted in an interlocutory decree in favor of plaintiff, holding a patent valid and infringed, granting an injunction, and directing an accounting. The defendant duly ap-

pealed from said interlocutory decree, and on March 22, 1927, duly perfected its appeal by filing the usual bond.

The plaintiff waives the accounting and now seeks to enter a final decree, regardless of the fact that said appeal is duly pending in the higher court. The defendant objected. If the above was all there was to the motion, it could be disposed of by the statement that it is beyond the power of this court to do anything further in the matter while said appeal is so pending. Draper Corporation v. Stafford Co. (C. C. A.) 255 F. 554. Also see generally, as to the question of this court's jurisdiction under such circumstances, Kendrick v. Roberts (D. C.) 214 F. 268; Keyser v. Farr, 105 U. S. 265, 26 L. Ed. 1025. In suits of other nature the same lack of power exists. Mossberg v. Nutter (C. C. A.) 124 F. 966; Wagner v. Meccano (C. C. A.) 235 F. 890; Sundh v. Cutler-Hammer (C. C. A.) 244 F. 163; Baltimore S. S. Co. v. Philips (C. C. A.) 9 F.(2d) 902; Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267.

[1] However, plaintiff claims that recent legislation of Congress permits him to obtain such a final decree. He refers to the recent amendment to section 129 of the Judicial Code (44 Stat. 1261). This act is as follows, and became a law February 28, 1927:

"That when in any suit in equity for the infringement of letters patent for inventions, a decree is rendered which is final except for the ordering of an accounting, an appeal may be taken from such decree to the Circuit Court of Appeals: Provided, that such appeal be taken within thirty days from the entry of such decree or from the date of this act; and the proceedings upon the accounting in the court below shall not be stayed unless so ordered by that court during the pendency of such appeal." (Public—No. 662—69th Congress.) (S. 4957.)

I do not see that this amendment has anything to do with the question here presented. Here the patent has a long time to run; injunctive relief has been granted by an interlocutory decree, and will be continued by the final decree, if, in the opinion of the higher court, the judgment of the court below is correct. The amendment in question relates to cases where no injunctive relief can be so passed upon. The question of whether or not there is an accounting is not the determining factor. The grounds upon which an appeal from an interlocutory decree could be taken have been changed from time to time. Ward Baking Co. v. Weber (C. C. A.) 230 F. 142.

[2] The question of the rightfulness of any

accounting is reviewed only after the entry of a final decree. Lederer v. Garage Co. (C. C. A.) 235 F. 527. Prior to the said amendment, upon the entry of an interlocutory decree granting an injunction an appeal could be taken. Judicial Code, § 129 (Comp. St. § 1121). The questions of the validity of the patent and of infringement were thus quickly determined, usually without the prior expense of any accounting.

Where, however, no question of injunctive relief could be decided because the patent had expired, there was nothing left to be decided but the accounting, and for all practical purposes such decree was final, yet there was no appeal provided for by statute, except and after the accounting had been completed and a final decree thereon entered. Thus, in such cases, although the higher court should subsequently decide that the patent had been invalid, or had not been infringed, nevertheless such question could not be brought before the court until the whole expense of possibly an extensive accounting had been borne and paid for, in such cases unnecessarily. "No appeal can be taken by a defendant from an interlocutory decree, which directs an accounting of profits and damages, but does not order an injunction." Walker on Patents (5th Ed. 1923) § 644a, p. 720; Lederer v. Garage Co., supra.

This difficulty has now been overcome by this new law, and an appeal has now been provided, in order to avoid in a proper case this unnecessary expense of an accounting, where no injunctive relief is or can be granted. The accounting may be stayed. It will be seen, therefore, that the amendment does not apply to the facts now before me. It is no authority for the entry of a final decree, because of a waiver of an accounting, where an appeal is duly pending in the higher court from an interlocutory decree granting an injunction.

Motion denied.