## MAGNETIC MFG. CO. v. DINGS MAGNETIC SEPARATOR CO.

Circuit Court of Appeals, Seventh Circuit. February 4, 1930.

No. 4198.

George I. Haight, of Chicago, Ill., for appellant.

George L. Wilkinson, of Chicago, Ill., for appellee.

Before ALSCHULER, PAGE, and SPARKS, Circuit Judges.

PER CURIAM. In litigation involving the ownership of letters patent No. 1,369,516 to Bethke, it was decreed that appellant should convey the legal title of the patent held by it to appellee, and should account for infringement thereof. An injunction was also decreed. This court, on appeal, affirmed the decree. The accounting is not yet concluded.

Appellant filed, in the District Court, a petition for a rehearing on the ground that it had discovered new evidence since the affirmation of the decree of this court. The substance of the newly discovered evidence was set out in the petition and in supporting affidavits. After a hearing on the petition, the court entered the following order:

"This cause came on to be further heard at this term on defendants' petition for rehearing, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that said petition be and the same is, hereby denied, this 13th day of April, 1929."

Thereupon, appellant prayed an appeal on the ground that it considered "itself aggrieved by the order entered herein on the 13th day of April, 1929, denying defendant's petition for a rehearing."

Appellee here moves to dismiss the appeal on the ground that there is no right of appeal from such an order. Appellant relies upon the italicized portion of the following (section 227, tit. 28, U. S. Code [28 USCA § 227]):

"Where, upon a hearing in a district court * * * an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree, *or an application to dissolve or modify an injunction is refused,* * * * an appeal may be taken from such interlocutory order or decree to the circuit court of appeals. * * *"

■■ What relief might have been considered, if the rehearing had been granted, it is unnecessary to determine, because, until a rehearing was granted, no other question could have been considered, and no other question was considered. That appellant did not expect the court to do more, on its petition for rehearing, than to grant the rehearing, is undeniable, because the first prayer of the petition is that appellant be permitted to file a supplemental answer, therewith submitted, to the original complaint. The submitted answer pleaded the matters set up in the petition for a rehearing. An order denying a rehearing is not reviewable except for abuse of discretion. The District Court considered no other question, and entered no other order. The order entered is not an appealable one.

The papers are ordered stricken from the files.