## McCULLOUGH *v.* KAMMERER CORPORATION
### ET AL.

No. 755.   Argued April 8, 1947.—Decided April 28, 1947.

*A. William Boyken* argued the cause for petitioner. With him on the brief were *R. Welton Whann* and *Robert M. McManigal.   W. Bruce Beckley* entered an appearance for petitioner.

*Leonard S. Lyon* argued the cause for respondents. With him on the brief were *Frederick S. Lyon* and *Mark L. Herron.*

MR. JUSTICE BLACK delivered the opinion of the Court.

In an earlier phase of this patent infringement suit a patent owned by respondent Kammerer was held valid and infringed by the petitioner. An accounting for profits and damages was ordered. 39 F. Supp. 213. The Circuit Court of Appeals affirmed. 138 F. 2d 482. We granted certiorari to consider whether a license agreement between respondents Kammerer and Baash-Ross contained restrictions which were contrary to public policy and unlawful so as to bar recovery against petitioner. On oral argument of the case here it developed that no findings of fact had been made by the District Court on this issue, nor had the question been presented to or passed on by the Circuit Court of Appeals. We therefore dismissed the writ of certiorari. 323 U. S. 327.

On remand, the Circuit Court of Appeals did not disturb its original affirmance of the District Court's holding that the patent was valid and infringed. But on motion of the petitioner, the court amended its judgment of affirmance so as to authorize the District Court to "entertain a motion or motions . . . to modify or set aside its order or orders for . . . damages and accountings thereof, and take such action thereon as it may determine" concerning petitioner's contention that respondents' unlawful use of the patent should bar all recovery for infringement. 148 F. 2d 525, 526. Thereafter the petitioner presented a motion to the District Court in which he alleged respondents had, contrary to the public interest, used the patent to restrain trade, fix prices, and suppress competition. Relying on these allegations, petitioner asked the Court to stay the accounting and to render a final judgment dismissing the complaint on the ground that respondents had illegally misused the patent. Without introducing further evidence both parties submitted the motion to the District Court on facts already in the record. After an

argument, the Court made extensive findings of fact against petitioner, concluded that his defense had not been established, and entered an order denying his motion to stay the accounting and to enter a final judgment dismissing the complaint. The Circuit Court of Appeals dismissed petitioner's appeal from the District Court's disposition of his motion on the ground that the District Court's order was "not a decree, final or otherwise." 156 F. 2d 343, 345. We hold that the appeal was erroneously dismissed.

The Act of February 28, 1927, 44 Stat. 1261, 28 U. S. C. § 227a, provides that "when in any suit in equity for the infringement of letters patent for inventions, a decree is rendered which is final except for the ordering of an accounting, an appeal may be taken from such decree to the circuit court of appeals . . . ." The object of this 1927 amendment to § 129 of the Judicial Code was to make sure that parties could take appeals in patent equity infringement suits without being compelled to await a final accounting. The reports of the Congressional committees on the measure called attention to the large expenses frequently involved in such accountings and the losses incurred where recoveries were ultimately denied by reversal of decrees on the merits.[1]    And see *Brick* v.

---

[1] The House Committee on Patents expressed the belief that the legislation "is needed to prevent a great burden of expense to litigants in actions to determine the validity of patents, where an accounting is involved. Under present procedure appeals may be taken from the interlocutory decree upholding the patent but not until a full accounting has been made to the court. Under this bill such appeal can be taken from such interlocutory decree . . . so as to obviate the cost of an accounting in the event the case is reversed on appeal." H. R. Rep. No. 1890, 69th Cong., 2d Sess. 1 (1927).

The Senate Committee emphasized the same expense incident to conducting an accounting before the merits had been determined on appeal. It apparently went on the assumption that § 129 already authorized appeals prior to accounting from an injunction against

*A. I. Namm & Sons, Inc.,* 21 F. 2d 179. It was for this reason that Congress authorized departure in this type of case from the usual practice under which appeals are not allowed until rendition of a final judgment which disposes of all phases of a controversy. See *Catlin* v. *United States,* 324 U. S. 229, 233.

Nor do the unusual circumstances under which this order was rendered make it any the less appealable. Whether or not the District Court would have had authority on its own motion to reopen the proceedings to consider the alleged misuse of the patent, see *Marconi Wireless Telegraph Co.* v. *United States,* 320 U. S. 1, 47–48, it was proper for it to do so after the Circuit Court of Appeals amended its judgment as it did. After reopening the case, the District Court gave full consideration to the question presented by the motion and decided it upon the merits. See *Bowman* v. *Loperena,* 311 U. S. 262. There was then nothing that remained to be done except to conduct an accounting. Therefore, the resulting order falls squarely within § 129 as amended. The fact that the Court designated its action as an "order" rather than a "decree" is not of crucial significance. See Rule 54, Rules of Civil Procedure.[2] For though called an "order," its binding effect in disposing of the question before it is the same as though it had been entitled a "decree." Nor is

infringement. It wanted to permit an appeal prior to accounting whether there was an effective injunction outstanding or not, even though a patent had expired making inappropriate an injunction against its continued violation. Sen. Rep. No. 1319, 69th Cong., 2d Sess. 1 (1927).

This case presents the precise situation which the Senate Committee thought the Act was designed to avoid in that it happens here that the patent has expired. But both reports indicate that the purpose of the Act was to permit appeals whenever everything but an accounting had been accomplished.

[2] " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Rule 54, F. R. C. P.

the order rendered non-appealable because one appeal had already been taken, any more than it would have been had the first decree been reversed *in toto* and this order entered after the reversal. Since the order denying petitioner's motion for a judgment of dismissal of respondents' claim is, within the meaning of § 129, "final except for the ordering of an accounting," it is appealable.

*Reversed.*