## RUSSELL BOX CO. v. GRANT PAPER BOX CO.

### No. 4438.

United States Court of Appeals
First Circuit.

Feb. 2, 1950.

Rehearing Denied Feb. 21, 1950.

Frank L. Simpson, Boston, Mass. (Herbert A. Baker and Roderick Wm. Hoag, Boston, Mass., on brief), for appellant.

Hector M. Holmes, Boston, Mass. (William H. Parmelee, Pittsburgh, Pa., on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and McALLISTER (by special assignment), Circuit Judges.

WOODBURY, Circuit Judge.

The order from which the instant appeal was taken is certainly interlocutory. The primary question, therefore, and as we see it the only one presented, is whether the order is nevertheless appealable under either subparagraph (1) or (4) of § 1292 of Title 28 United States Code Annotated; the other subparagraphs of that section being clearly inapplicable.

The facts are fully stated in the memorandum opinion of the court below reported in 82 U.S.P.Q. 5. For present purposes they can be briefly summarized.

On December 18, 1943, while the instant action for patent infringement was pending in the court below on the merits, the stockholders of the defendant, Russell Box Company, a Massachusetts corporation, voted unanimously to dissolve that corporation and to distribute all of its assets in kind as a liquidating dividend to its stockholders, who assumed all of its debts and liabilities. Dissolution proceedings under the Massachusetts statutes followed while the case at bar simultaneously proceeded to a final determination of validity and infringement. 1 Cir., 151 F.2d 886; 1 Cir., 154 F.2d 729; certiorari denied 329 U.S. 741, 67 S.Ct. 79, 91 L.Ed. 639.

Following the ultimate mandate of this court, the court below entered an interlocutory decree in accordance therewith to become effective on November 22, 1948, in which, *inter alia*, it was ordered adjudged and decreed that Russell Box Company, its agents, servants, etc., be perpetually enjoined and restrained from further acts of infringement; that the plaintiff recover both the "profits, savings and advantages" which the defendant had realized as a result of its infringements, and also all damages which the plaintiff had sustained thereby, and that the case be referred to a master to take and state an account of such profits, and to assess such damages, and to report thereon with all convenient speed. Then, on January 11, 1949, before the master had completed his task, and so far as we know before he had even begun it, Russell Box Company, by its attorney, filed a motion in the court below to abate the instant action on the ground that by operation of Massachusetts law it had become fully dissolved, "is now extinct" and "has no standing in law" to litigate the issue of profits and damages.

The court below after hearing concluded that under Massachusetts law Russell Box Company had not become extinct beyond the possibility of revival at the time the motion to abate was filed; that certain proceedings instituted by Grant Paper Box Company before the Commissioner of Corporations and Taxation of that Commonwealth subsequent to the motion to abate, and the Commissioner's action therein, had

both the purported and the actual effect under the law of Massachusetts of reviving Russell Box Company for the limited purpose of enabling Grant to continue its pursuit of Russell for the monetary remedies previously awarded in the present litigation, and that at any rate the Commissioner's purported action to that effect was not open to collateral attack in this action. Wherefore it denied Russell Box Company's motion to abate and the latter thereupon took this appeal.

In practical effect the order denying the defendant's motion may operate to continue the perpetual injunction against further acts of infringement entered against the defendant by the court below on our mandate. But it does not seem to us to follow from this that we have jurisdiction over the instant appeal under subparagraph (1) of § 1292, supra, in which courts of appeals are given jurisdiction of appeals from interlocutory orders of the district courts continuing, or refusing to dissolve, injunctions. The reason for this as we see it is that the defendant's motion to abate is not directed, even indirectly, to the injunctive relief previously afforded, but is directed solely to the liquidation and collection in the future of the damages and profits to which the court below has found the plaintiff to be entitled. And this is the only matter in this litigation in which Russel Box Company has any remaining interest, for the stockholders of that corporation, having voluntarily voted to dissolve and liquidate, and having taken appropriate steps to that end, have disabled their corporation from continuing the business for which it was organized, and hence from doing anything which might infringe the plaintiff's patent. Thus Russell no longer has any practical interest whatever in the injunction. Indeed, it would be quite inconsistent with the defendant's present theory for it now to raise any question with respect to the perpetual injunction, for on its theory it is now wholly dissolved and "extinct", with the result that as to it that injunction has become a dead letter—as much a dead letter as such an injunction running against a deceased natural person.

Nor does the order appealed from, by its terms, have any effect whatever upon the perpetual injunction previously awarded. It does not appear that the court below even had the injunction in mind when it entered the order, and we see no reason why it should then have had the injunction in mind, for the motion directed that court's attention not to the relief of any kind afforded in the past, but to the satisfaction in the future of the relief by way of damages and profits only.

■ To hold under these circumstances that the sub-section of the statute giving appellate jurisdiction of interlocutory orders with respect to injunctions, § 1292(1), supra, gives us jurisdiction over this appeal, it seems to us, would be not only highly unrealistic, but would also pervert the statute from its purpose, and stretch it in both wording and spirit beyond the breaking point. See Magnetic Mfg. Co. v. Dings Magnetic Separator Co., 7 Cir., 37 F.2d 709; Cuno Engineering Corp. v. Hudson Auto Supply Co. (second case), 2 Cir., 49 F.2d 654.

■ The question of our jurisdiction under § 1292(4), by which courts of appeals are given jurisdiction of appeals from "Judgments in civil actions for patent infringement which are final except for accounting", presents a more serious problem.

This sub-section clearly gives appellate jurisdiction of decrees of validity and infringement entered in advance of a determination of the amount of either the damages or the profits, or both, to be awarded. And it renders appealable an order denying on the merits a motion to dismiss a complaint for patent infringement on the ground of the patent owner's illegal use of his patent, which order was entered by a district court on a motion filed pursuant to leave of a court of appeals granted at a time subsequent to a final determination of validity and infringement and while accounting proceedings were still pending in the district court. McCullough v. Kammerer Corp., 331 U.S. 96, 67 S.Ct. 1165, 91 L. Ed. 1365. But it is going a step further to say that it also renders appealable an order on a motion like the one before us which is not directed to the merits of the plaintiff's cause of action for patent infringement, but is directed solely to the plaintiff's right to pluck the fruits of its established and unchallenged victory on the issues of validity and infringement by further pursuit of a defendant for profits and damages. That is to say, the motion under consideration in the McCullough case raised a matter going to the merits of the plaintiff's case—its right to any recovery at all,—whereas the motion in the case at bar does not challenge the merits of the plaintiff's case—its right to recover—but raises only a matter with respect to the plaintiff's right to implement its victory on the merits by the recovery of damages and profits from a particular defendant.

■ The order appealed from might be considered a final one if it had granted the motion to abate, for then the litigation would have been finally determined. In that event the order would be comparable to an order granting a motion for a directed verdict, or an order dismissing a complaint, and no doubt it would be appealable. But the order from which this appeal is taken denied the motion, and hence it is a purely interlocutory one incidental to the accounting, there being no issue presented as to the merits, and we do not believe that the statute goes so far as to make such an order appealable, for if it does, then under its terms all interlocutory orders entered on motions filed in the course of accounting proceedings the disposition of which might conceivably terminate the litigation are appealable, and this would violate the long established policy against piecemeal appeals. To be sure the statute under consideration impinges to some extent upon the above policy against piecemeal appeals. It permits appeals from interlocutory orders going to the merits in order to save the parties the expense and delay, often substantial, of accounting proceedings which would go for naught if recovery should ultimately be denied by reversal on appeal of a decree on the merits. McCullough v. Kammerer Corp., supra, 331 U.S. at page 98, 67 S.Ct. 1165, 91 L.Ed. 1365. But its policy is served when appeals from orders with respect to matters going to the merits of a

patent owner's cause of action for patent infringement are permitted, and the policy against piecemeal appeals is rendered a grave disservice if it is extended so far as to permit separate appeals from interlocutory orders entered in the course of accounting proceedings, for then the only limit to the number of appeals in litigation of this sort would be the ingenuity of counsel for the defendant.[1]

In short, we think the statute impinges upon the policy against piecemeal appeals far enough to make interlocutory judgments, or orders, on the merits of civil actions for patent infringement appealable in advance of any determination of the extent of the remedy in money to which the plaintiff is entitled. But we do not think it goes, or was intended to go, further than this and, at the cost of permitting piecemeal appeals, allow the taking of appeals from purely interlocutory orders entered on motions filed in the course of accounting proceedings not relating to the merits of the plaintiff's cause of action but going only to the pursuit of the monetary remedy afforded, and this even though an appeal from such an interlocutory order might result in a holding rendering the whole accounting proceeding wasted effort and expense. After all, wasted effort and expense in some instances is only the normal consequence of the policy against piecemeal appeals which has for its justification the fact that it speeds litigation to a final determination. It is the price exacted for expedition. We do not feel that this consideration of economy, counterbalanced by the consideration of expedition, is enough without stronger statutory language to warrant a construction of § 1292(4) giving us jurisdiction in the premises.

We think, therefore, that our jurisdiction over this appeal cannot be rested upon either subparagraph (1) or (4) of § 1292, supra, and this renders it unnecessary for us to consider the application, if any, of § 2105 of Title 28, United States Code Annotated, which provides: "There shall be no reversal in the Supreme Court or a court of appeals for error in ruling upon matters in abatement which do not involve jurisdiction."

Appeal dismissed.

MAGRUDER, Chief Judge.

It seemed to me at first that the order appealed from, though undoubtedly interlocutory, was nevertheless the general type of interlocutory order or judgment made appealable by subparagraph (4) of 28 U.S. C.A. § 1292; and that on principle McCullough v. Kammerer Corp., 1947, 331 U.S. 96, 67 S.Ct. 1165, 91 L.Ed. 1365, was controlling. I thought the common ground between that case and this was that the motion which was made in the district court, and which was denied, would if granted have finally terminated the case in the district court, thereby obviating the necessity of a long-drawn-out, expensive accounting proceeding—which, I suppose, was the purpose of § 1292(4) in allowing a "piecemeal" appeal in such cases.

But the flaw in the foregoing reasoning is that, if the district judge had granted or should have granted the motion of Russell Box Company that the action against it be abated, it would not necessarily follow that the accounting proceedings in the district court would be terminated. It is stated in the memorandum of the district judge that the stockholders of Russell Box Company had "voted to cease business and liquidate, and distribute its assets to stockholders, who assumed all debts and liabilities of the corporation." If that is so, then I suppose that though the action might be abated as against Russell Box Company, its stockholders might by supplemental bill be brought in as parties-defendant and that the accounting would thereafter proceed on that basis. See Philadelphia Rubber Works Co. v. U. S. Rubber Reclaiming Works, 2 Cir., 1921, 277 F. 171, certiorari denied, 1922, 257 U.S. 660, 42 S.Ct. 187, 66 L.Ed. 422. In that view, and bearing in mind the purpose of § 1292(4), it would seem

[1]. Indeed in this very litigation another appeal by the defendant is now pending in which review is sought of an order denying a motion to dismiss for failure at the inception of the litigation to join the patentee, Dreymann, as a party plaintiff.

that the order now appealed from is not of the sort made appealable under that subsection. Maybe that is not so, but I am not sure enough about it to dissent from the conclusion of the court that the present appeal should be dismissed.

If the order were otherwise appealable, I don't believe that 28 U.S.C.A. § 2105 would be applicable. This provision has in substance been on the books since the original Judiciary Act of 1789. 1 Stat. 84. See McHie v. McHie, 7 Cir., 1935, 78 F.2d 351. I would say that the present motion to abate, so called, went to the jurisdiction of the district court to render judgment against the allegedly nonexistent corporation, and therefore that under the very terms of § 2105 the appellate court would not be disabled from reversing for error in the ruling, if error there was. See Defense Supplies Corp. v. Lawrence Warehouse Co., 1949, 336 U.S. 631, 69 S.Ct. 762. Cf. Bowles v. Wilke, 7 Cir., 1949, 175 F.2d 35, certiorari denied 1949, 338 U.S. 861, 70 S.Ct. 104.

One who is metaphysically inclined might be disposed to question the standing of Russell Box Company as appellant to argue in this court its own nonexistence as a legal entity.