**RONEL CORPORATION, Appellant,**

v.

**ANCHOR LOCK OF FLORIDA, INC.,**
**et al., Appellees.**

**No. 19518.**

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1963.

Herbert S. Shapiro, Miami Beach, Fla., Harold I. Kaplan, New York City, Shapiro & Fried, Miami Beach, Fla., Blum, Moscovitz, Friedman & Blum, New York City, of counsel, for appellant.

Richard P. Schulze, Washington, D. C., Robert B. Butler, Hollywood, Fla., Schulze, Blair & Benoit, Washington, D. C., Ellis, Spencer & Butler, Hollywood, Fla., of counsel, for appellees.

Before JONES and BELL, Circuit Judges, and CARSWELL, District Judge.

## 208

JONES, Circuit Judge.

The appellant, Ronel Corporation, brought an action charging the defendants with infringement of a patent and seeking an injunction, damages, costs and attorneys' fees. The defendants answered and denied the validity of the plaintiff's patent and denied infringement. In their answer the defendants incorporated three counterclaims in which they sought declaratory relief and damages for unfair competition by way of false and fraudulent statements regarding the accused devices manufactured by defendants. Both plaintiff and defendants filed motions for summary judgment on issue of validity and infringement of the plaintiff's patent. The court entered a partial summary judgment [1] determining the patent to be invalid. Notice of appeal of this judgment was given.

■ Although the jurisdiction of this Court has not been questioned by the parties, we are nevertheless required to notice any absence of jurisdiction. Unless empowered by statute or rule we are not authorized to consider the appeal. In form, the judgment does not purport to dispose of all matters before the district court. It does not, in fact, dispose of the entire cause as the defendants' counterclaims are not adjudicated. Such a partial summary judgment is interlocutory and, unless the judgment is, by reason of a statute or rule, subject to an interlocutory appeal, no appeal will lie. Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A.; 6 Moore's Federal Practice, 2d ed. 2299 et seq., Par. 56.20 [3]. Under Rule 54(b) [2] a partial summary judgment disposing of less than all of the claims lacks appealability as a final judgment unless there is the determination and direction required by the rule. Century Investment Corporation v. United States, 9th Cir. 1960, 277 F.2d 247; G. K. W., Inc. v. Philco Corporation, 2nd Cir. 1960, 276 F.2d 928, Cf. Kincade v. C & L Rural Electric Co-operative Corporation, 5th Cir. 1960, 276 F.2d 929.

■ Under the Judicial Code [3] an appeal will lie from one kind of an interlocutory appeal in a patent infringement case. As Professor Moore has pointed out, the pertinent provision "is applicable only (a) where there is an adjudication

1. "This matter having come on before the Court, upon the motions for summary judgment in the issue of validity and infringement of the plaintiff's Patent No. 2,974,378, entitled Metal Fastener, and the Court having considered said motions, the affidavit filed in support thereof, and the memoranda of counsel, and being fully informed in the premises, it is thereupon,

Ordered and Adjudged that partial summary final judgment be and the same is hereby entered in favor of the defendants and against the plaintiff, and pursuant thereto the Court does hereby find that the plaintiff's above cited patent construes merely an improvement and application of the principles and teachings of that certain patent issue to Emil Saltzkorn and Ludwig Nicholai on May 15, 1900, No. 64,-761, Eyelet, to a new use which does not rise to the dignity of the invention, but is in fact an application of the original Saltzkorn idea. It, therefore follows that the Court finds that the patent herein suit is invalid and consequently can not be infringed."

2. "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54 (b) Fed.Rules Civ.Proc., 28 U.S.C.A.

3. "The courts of appeals shall have jurisdiction of appeals from: * * * (4) Judgments in civil actions for patent infringement which are final except for accounting." 28 U.S.C.A. § 1292(a) (4).

that a patent has been infringed, (b) an accounting is ordered, and (c) the adjudication of patent infringement is final except for the accounting." 6 Moore's Federal Practice 44, Par. 54.06[6]. These tests are not here met. An absence of jurisdiction is clearly apparent. See McCullough v. Kammerer Corporation, 331 U.S. 96, 67 S.Ct. 1165, 91 L.Ed. 1365, note. 1.

It follows that the appeal must be dismissed. In the event of a later appeal presenting the same questions as the appellant sought to raise here, leave may be sought to use the records and briefs in this proceeding if and to the extent they may be applicable.

The appeal is

Dismissed.