**BEAVER CLOTH CUTTING MACHINES,**
**Inc., Plaintiff,**

v.

**H. MAIMIN CO., Defendant.**

United States District Court
S. D. New York.

Oct. 19, 1964.

**48**

Hubbell, Cohen & Stiefel, New York City, Myron Cohen and Maurice B. Stiefel, New York City, of counsel, for plaintiff.

Pennie, Edmonds, Marton, Taylor & Adams, New York City, James G. Foley, New York City, of counsel, for defendant.

TENNEY, District Judge.

Plaintiff moves herein for the appointment of a Master to hear and determine an accounting of defendant to plaintiff.

During the course of oral argument and in its affidavit in opposition, defendant requests the Court to stay the accounting upon the posting of a supersedeas bond in a nominal sum, to be set by the Court, or that the accounting be stayed without the posting of a bond.

The within action is for patent infringement. The case was heard by the Honorable Frederick L. Wham, Senior Judge of the United States District Court for the Eastern District of Illinois, a visiting Judge in this District. After a five-day trial without a jury, Judge Wham rendered an opinion in which he held plaintiff's patent relating to a sharpener device in a cloth-cutting machine valid and infringed by defendant, and enjoined defendant from infringing said patent by making, using or selling defendant's model H cloth-cutting machine or any other cloth-cutting machine embodying the invention of the said claims. He ordered that defendant account for all of its profits and damages, adequate to compensate plaintiff, arising from the infringement with the costs of the action and interest, and that the accounting be before a Master agreed upon by counsel of the respective parties.

The order also provided that defendant pay plaintiff reasonable attorneys' fees, as determined by the Master. The "So Ordered" opinion was rendered on June 1, 1964. It would appear that a judgment was entered on June 10, 1964. On June 22, 1964, defendant filed a notice of appeal to the Court of Appeals for the Second Circuit from Judge Wham's decision and decree, together with a $250. cost bond.

On the basis of the notice of appeal, defendant refused to agree to the appointment of a Master and requested of plaintiff to voluntarily stay the accounting pending a disposition of the appeal —which request was denied by plaintiff. Plaintiff accordingly filed the motion herein to have the Court appoint a Master so that the parties may proceed with the accounting.

Rule 62(a) of the Federal Rules of Civil Procedure provides in pertinent part:

"Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal."

I might observe initially that the fact that Judge Wham did not "otherwise" order is of no consequence in the determination of the present dispute. At the time of Judge Wham's decision, he did not know nor could he assume that an appeal would be taken from his decision

and that thereafter one of the parties would request the Court to stay the accounting with or without the posting of a bond. Accordingly, he had no reason to pass upon this phase of the matter.

I might further observe that plaintiff's argument that defendant could have stayed the accounting by merely posting a supersedeas bond under Rule 73(d) is not well taken. Rule 73 governs the form and sufficiency of the supersedeas bond which may be given by a party who is *entitled to a stay* on appeal. However, "[t]he conditions under which a stay of the enforcement of the judgment may be obtained pending appeal are covered by Rule 62." 3A Barron & Holtzoff, Federal Practice & Procedure § 1557, at 82 (1958); see 7 Moore, Federal Practice ¶ 73.20 (2d ed. 1955).

A plain reading of Rule 62 reveals that under subdivision (d) a stay may be obtained by the giving of a supersedeas bond in most cases "subject to the exceptions contained in subdivision (a)" of the rule, (see 3 Barron & Holtzoff, Federal Practice & Procedure § 1374 (1958); 7 Moore, Federal Practice ¶ 62.06 (2d ed. 1955)), and as noted above subdivision (a) states that there shall be no stay "[u]nless otherwise ordered by the court."

Thus it seems clear that the mere filing of a supersedeas bond does not stay the accounting pending appeal unless the Court so orders. See 3 Barron & Holtzoff, Federal Practice & Procedure § 1371 (1958).

Furthermore, defendant's reliance on subdivision (c) of Rule 62 as being dispositive of the issues presented herein is equally not well taken.

Subdivision (c) by its language deals with an appeal taken from an interlocutory or final judgment which granted, dissolved or denied an injunction. On motion the Court in its discretion "may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Thus the discussion concerning the filing of the bond in Rule 62(c) and the criteria to be employed is limited to the situation wherein the moving party desires the Court in its discretion to "suspend, modify, restore or grant an injunction during the pendency of the appeal." While in the within action there is an injunction in effect, defendant does not request the Court to stay its effect nor does defendant ask the Court to modify, suspend or restore it, pending the appeal. Thus, while Rule 62(c) may by analogy be helpful in the within situation as will be noted infra, it is, by its terms, limited to an injunction situation and, accordingly, is inapplicable to the problem posed herein.

The narrow issue presented is whether this Court in the present posture of the case should "otherwise" order under Rule 62(a) and either stay the accounting without the posting of a supersedeas bond, or require the posting of a bond; and, if so, in what amount?

Plaintiff agreed to stay the accounting voluntarily if defendant would post a bond of "six figures", asserting that irrespective of which measure of damages is applied by the Master its recovery will not be less than $70,000. plus reasonable attorneys' fees. Defendant, on the other hand, requests that the bond be set in a nominal sum.

Section 1292(a)(4) of Title 28 of the United States Code (28 U.S.C. § 1292(a)(4)(1949)) provides for interlocutory appeals from judgments in civil actions for patent infringement which are final except for accounting. The purpose of authorizing an appeal after a decree of validity and infringement and before an accounting is to prevent the useless waste of time and money for an accounting before the Court of Appeals has had an opportunity to pass on the propriety of the lower court's finding of validity and infringement, which, of course, will definitively determine wheth-

er there will in fact be an accounting. McCullough v. Kammerer Corp., 331 U.S. 96, 98–99, 67 S.Ct. 1165, 91 L.Ed. 1365 (1947); Patterson-Ballagh Corp. v. Moss, 201 F.2d 403, 408 (9th Cir.1953); 6 Moore, Federal Practice ¶ 54.06[6] (2d ed. 1953). The reason for the statute is readily apparent from the case that plaintiff cites in support of its argument, for the lower court decision finding validity and infringement in Gross v. JFD Mfg. Co., 207 F.Supp. 631 (E.D. N.Y. 1962) was subsequently reversed on appeal. 314 F.2d 196 (2d cir.), cert. denied, 374 U.S. 832, 83 S.Ct. 1873, 10 L.Ed.2d 1054 (1963). If there is a diligent prosecution of the appeal a stay under the present circumstances is surely consistent with the statutory scheme and the theoretical basis behind the interlocutory appeal statute.

We now come to the second and more difficult question, that of the amount of the supersedeas bond to be posted.

As was pointed out above, there is no problem herein with respect to the injunction. Defendant does not seek to have the injunction modified or suspended. In fact, defendant, by its own testimony, is not producing the machines any more, nor selling them, so there is no issue of harm to plaintiff from continuing action on defendant's part. Compare Gross v. JFD Mfg. Co., 60 C. 841 (E.D.N.Y. 1960).

It would appear that the usual security taken on a supersedeas bond before the amendment now embodied in Section 1292(a) (4) (28 U.S.C. § 1292(a) (4) (1949)) was essentially for the delay incident to appeal, (Medusa Concrete Waterproofing Co. v. McCormick Waterproof Portland Cement Co., 266 F. 981, 982 (7th Cir.1920); but see Wagner Sign Service v. Midwest News Reel Theatres, Inc., 119 F.2d 929, 931 (7th Cir.1941)), analogous to the sort of security taken upon a supersedeas of a preliminary injunction against infringement. See Gordon Johnson Co. v. Hunt, 109 F.Supp. 571, 575–576 (N.D. Ohio 1952).

■ It would seem that the criteria laid down in Medusa ought to prevail and that the security ought to recognize fully the intermediate nature of the decree and the appeal and be addressed not to the amount of the eventual recovery by plaintiff, but rather to the damages that might accrue from the delay incident to such an appeal. In Gross v. JFD Mfg. Co., 60 C. 841 (E.D.N.Y. Dec. 3, 1963), Judge Dooling, on remand from the Court of Appeals 2 Cir., 314 F.2d 196, to determine whether a stay be continued and the amount of the supersedeas bond, observed:

"To treat the appeal as the occasion for requiring security proportioned to a present estimate of what could be found due on an accounting goes too far. An appeal is not a wrong to the appellee no matter what its result, and an appeal under Section 1292(a) (4) can be thought advantageous to appellee as well as to appellant. The present decretal duty of defendant is not to pay but to account and it is the accounting not the ultimate payment that is being, now, stayed. The stays are not only verbally different; every intermediate stay in an action may stay the day of some ultimate judgment, yet such stays are not thought of as momentously requiring security measured in terms of the ultimate relief sought by the action." Id. at 4.

■ Bearing in mind the rationale behind the statutory scheme and the criteria set forth above to be applied in setting the amount of a bond under these and analogous circumstances, I can foresee no harm or prejudice which will result to plaintiff if the accounting be stayed upon the filing of a $5,000. bond. I reach this decision with the following considerations in mind: the fact that defendant is not now manufacturing or selling the infringing device; the finan-

cial responsibility of defendant and the fact that it is an old and established leader in its field, and the total lack of any perceivable harm to plaintiff resulting from a stay on these conditions. I am further of the opinion that the amount set will adequately protect plaintiff from any damage resulting from the within stay.

Accordingly, a stay will issue pending appeal upon condition that the appeal is prosecuted with diligence and expedition, and upon the filing of a bond in the amount of $5,000. conditioned as provided in Rule 73(d); however, the term "satisfaction of the judgment" used in that rule is understood to mean rendering an accounting or otherwise participating in damage ascertainment procedures and does not mean paying the amount of a final judgment or decree entered after an accounting or other ascertainment of damages.

If within ten (10) days from the entry of an order to be entered herein, defendant does not post said bond, upon the filing of an affidavit of non-compliance by plaintiff the Court will appoint a Master to hear and determine the accounting herein.

Settle order on notice.