**AMERICAN SAINT GOBAIN CORPO-RATION, Plaintiff,**

v.

**ARMSTRONG GLASS COMPANY, Inc., Defendant.**

**Civ. A. No. 2247.**

United States District Court
E. D. Tennessee,
Northeastern Division.
June 10, 1969.

Robert J. Kadel, and Berj A. Terzian, Pennie, Edmonds, Morton, Taylor & Adams, New York City, Ernest F. Smith, Kingsport, Tenn., for plaintiff.

Ferdinand Powell, Jr., Johnson City, Tenn., E. M. Luedeka, Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant is in contempt of the lawful injunctive order of this Court. Its act of contempt was infringing letters patent of the plaintiff after having been enjoined from so doing. The defendant gave notice of appeal from the Court's order adjudging it in contempt and referring the issue of the plaintiff's damages to a special master, D.C., 300 F.Supp. 416. It now seeks a stay of the proceedings under the order of reference before the special master, pending an appellate review.

Ordinarily, an interlocutory or final judgment directing an accounting for infringement of letters patent is not stayed during the pendency of an appeal, unless otherwise ordered by the Court. Rule 62(a), Federal Rules of Civil Procedure. However, courts of appeal are awarded jurisdiction of appeals from judgments in civil actions for patent infringement which are final except for an accounting. 28 U.S.C. § 1292(a) (4). This is to prevent the useless waste of time and money for an accounting before the court of appeals has had an opportunity to pass on the propriety of the lower court's finding of infringement and thereby, to determine whether there will be an accounting. McCullough v. Kammerer Corp. (1947), 331 U.S. 96, 98–99, 67 S.Ct. 1165, 91 L.Ed. 1365, 1367.

The situation presented here is different, however. The parties entered a consent judgment herein on October 9, 1968. Therein, the defendant admitted infringement of the plaintiff's patent and was enjoined from further infringement. When the defendant continued or resumed infringement, the Court held it in contempt of a lawful order. The defendant's contemptuous act had aspects of both criminal and civil contempt, indicating the seasonable entry by the Court of an order fixing the punishment. The Court referred to the special master the issue of the amount of damages sustained by the plaintiff from the infringement by the defendant subsequent to October 9, 1968, to form a predicate for the determination of a proper remedial fine to compensate the plaintiff for the damages resulting from the defendant's disobedience of the Court's order and to vindicate the authority of the Court. Cf. United States v. United Mine Workers (1946), 330 U.

S. 258, 302–304, 67 S.Ct. 677, 701, 91 L. Ed. 884, 917–918 (headnotes 25, 27).

When the defendant's fine for contempt is assessed by the Court, the amount payable to the order of the plaintiff will be deposited in the registry of the Court pending final adjudication. The defendant's application for a stay pending appellate review, however, hereby is denied.