**RANSBURG ELECTRO–COATING CORP., Plaintiff-Appellant,**

v.

**IONIC ELECTROSTATIC CORPORA-TION, Defendant-Appellee.**

Misc. No. 680.

United States Court of Appeals, Fourth Circuit.

Sept. 10, 1970.

John F. King, Baltimore, Md., James P. Hume, Clyde F. Willian and Robert L. Harmon, Chicago, Ill., for petitioner.

Edward F. Levy, Guy W. Shoup, New York City, Lawrence A. Kaufman and David F. Albright, Baltimore, Md., for respondent.

Before HAYNSWORTH, Chief Judge, BOREMAN and WINTER, Circuit Judges.

HAYNSWORTH, Chief Judge.

Plaintiff, Ransburg Electro-Coating Corporation, seeks leave, pursuant to 28 U.S.C. § 1292(b), to appeal from an in-

terlocutory order of the Honorable R. Dorsey Watkins, United States District Judge for the District of Maryland, entered on August 6, 1970 denying in part plaintiff's Motion to Commence an Accounting. Leave to appeal is denied.

This suit for patent infringement was commenced in 1957. In 1962, the District Court entered an interlocutory judgment holding that plaintiff's patents were valid and had been infringed by defendant. 203 F.Supp. 235. Injunctive relief was granted, with appointment of a special master to determine damages deferred pending appeal. Defendant appealed under 28 U.S.C. § 1292(a) (4) and we affirmed the decision of the District Court. 317 F.2d 302.

While that appeal was pending, plaintiff petitioned the District Court for an order adjudging the defendant in contempt of the injunctive provisions of the interlocutory judgment by reason of its manufacture, sale, and use of devices alleged to be the equivalents of those previously found to infringe the plaintiff's patents. After extensive evidentiary hearings, the District Court found that the newly accused devices infringed the patents and held defendant in civil contempt. 242 F.Supp. 28. Although referring the contempt portion of the case to the previously appointed special master for a determination of the damages resulting from the newly found infringement, the District Court directed the master to defer such additional determination pending appeal. Defendant appealed and we reversed, holding that the devices in question did not infringe plaintiff's patents and were not within the scope of the injunction. 395 F.2d 92. The appealability of the contempt decree was never questioned during the extended proceedings in this court.

Nearly two years after our reversal of the contempt decree, plaintiff filed a motion in the District Court requesting, *inter alia,* an accounting for damages sustained by it as a result of defendant's use of the devices involved in the contempt proceedings. Plaintiff's contention was that the judgment of this court,

reversing the District Court's finding of contempt, was void for lack of jurisdiction, because the contempt decree was not appealable, and that the order of the District Court holding defendant in contempt remained in effect. The request for an accounting was denied, the District Judge stating in his order that the requirements for an interlocutory appeal under 28 U.S.C. § 1292(b) were present. This petition followed.

Section 1292(a) of Title 28, U.S.C., provides that

"[t]he courts of appeal shall have jurisdiction of appeals from:

\* \* \* \* \* \*

(4) Judgments in civil actions for patent infringement which are final except for accounting."

There can be no doubt that all of the proceedings in this long-drawn out litigation are part of a "civil action for patent infringement." Plaintiff's purpose in instituting the contempt proceedings was to obtain additional redress for defendant's alleged infringement of its patents. The question decided by the District Court in the contempt proceeding was the same as that decided in the prior proceedings and was not substantially different than that which would have been presented if plaintiff had proceeded by means of a motion to modify or enlarge the original decree to cover the defendant's new devices.

After the District Court entered its contempt decree, the only phase of the entire controversy between the parties still to be settled before rendition of a final judgment was the accounting. All substantive issues had been fully adjudicated.

Allowance of appeals in patent cases in this posture, with the resulting avoidance of large expenditures for unnecessary accountings, was precisely the purpose behind passage of 28 U.S.C. § 1292(a) (4). McCullough v. Kammerer Corp., 331 U. S. 96, 67 S.Ct. 1165, 91 L.Ed. 1365. Since "the purpose of the Act was to permit appeals whenever everything but an accounting had been accomplished," 331

U.S. 96, 98–99 n.1, 67 S.Ct. 1165, 1167, and since everything but an accounting had been accomplished, we have no doubt of our jurisdiction of the appeal from the contempt decree.

In McCullough v. Kammerer, an adjudication of the patent's validity and the defendant's infringement, with a reservation of the assessment of damages, was affirmed on appeal. The Supreme Court noticed the presence of a question of patent misuse and violation by the plaintiff of the anti-trust laws, and the proceedings in District Court were reopened to consider the anti-trust question. After findings adverse to its anti-trust claim, the defendant sought to appeal, but the Court of Appeals dismissed the appeal on the ground the order was not a final decree. 156 F.2d 343. The Supreme Court, however, held the order appealable under 28 U.S.C. § 227a, the predecessor of 28 U.S.C. § 1292(a) (4). Except for the accounting, it was a final order in the patent case.

In *McCullough,* the subsequent proceedings were initiated by a motion raising the anti-trust claim, which itself involved no issue of patent validity or infringement. Here the subsequent proceedings were initiated by a motion for a citation for contempt, which was only an alternative, with harsher potential consequences to the defendant, to a motion to extend the infringement claim to the new devices. If the order adjudicating the anti-trust claim in *McCullough* was part of the original patent case, surely the order here adjudicating the claim that the new devices infringed the patent and violated the injunction was

part of the original patent case and appealable under 28 U.S.C. § 1292(a) (4) notwithstanding the reservation of the assessment of damages.

This very belated challenge to our jurisdiction in the former appeal is insubstantial and frivolous.[1]

The plaintiff's petition for leave to appeal will be, and hereby is, denied.

---

1. Plaintiff refers us to an order of the Sixth Circuit in American Saint Gobain Corp. v. Armstrong Glass Co., 418 F.2d 571, dismissing an appeal from a District Court order entered in contempt proceedings for violation of an injunctive order in a patent infringement case. That order being largely conclusory, we cannot determine with certainty the precise basis for the Sixth Circuit's action. It may be that the District Court order which was the subject of the attempted appeal, 300 F.Supp. 416 (see also the order of the District Court denying a motion for stay pending appeal, 300 F.Supp. 419), was seen as contemplating additional remedial proceedings in the District Court and therefore was not considered a judgment, final except for accounting.

Whatever the basis of the Sixth Circuit's decision, we do not think it raises a significant question as to the validity of our decision reversing the decree of contempt in light of the Supreme Court's decision in *McCullough.*