835 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JOHNS-MANVILLE CORP. and Manville Service Corp., Plaintiffs-Appellees,
v.
GUARDIAN INDUSTRIES CORP., Vaughn Chenoweth, Duane Faulkner,
Kenneth Limburg, Robert Nishwitz, Steven Sanford,
and James Schairer, Defendants-Appellants.
 No. 87-1415.
 United States Court of Appeals, Federal Circuit.
 Nov. 20, 1987.
 
 Before EDWARD S. SMITH, NIES, and PAULINE NEWMAN, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The appeal by Guardian Industries Corporation (Guardian) from the order of the United States District Court for the Eastern District of Michigan, Johns-Manville Corp. v. Guardian Industries Corp., No. 81-70248 (E.D.Mich. May 29, 1987) (Memorandum Opinion and Order), denying Guardian's motion to reopen the district court's liability judgment in favor of Johns-Manville Corporation (Johns-Manville), is dismissed for lack of jurisdiction.
 
 OPINION
 
 2
 On January 23, 1981, Johns-Manville initiated a patent infringement action against Guardian. Pursuant to a stipulation of the parties, the trial was bifurcated into a liability phase and an accounting phase. On December 15, 1983, the district court, determining that Johns-Manville's patent was valid and that Guardian had infringed, entered judgment in favor of Johns-Manville on the liability phase of trial and enjoined Guardian from any further infringement. Johns-Manville Corp. v. Guardian Industries Corp., 586 F.Supp. 1034, 221 USPQ 319 (E.D.Mich.1983), modified, 223 USPQ 974 (1984). This court affirmed in an unpublished opinion the district court's judgment. Johns-Manville Corp. v. Guardian Industries Corp., No. 84-1177 (Fed.Cir. Apr. 24, 1985).
 
 
 3
 On November 21, 1985, Johns-Manville, asserting that Guardian then was using a modified form of the device found by the district court in the 1983 judgment to be infringing, amended its original complaint to add a count alleging infringement by the modified device. Subsequently, Guardian filed a motion requesting that the district court reopen the 1983 judgment on grounds that Guardian had discovered new evidence relating to the issues of patent validity and enforceability of the Johns-Manville's patent. The district court denied Guardian's motion to reopen. Guardian now seeks appellate review of the district court's denial of Guardian's motion. We note that both the accounting phase of the litigation and the liability phase of the litigation involving Johns-Manville's amended complaint are remaining to be adjudicated by the district court.
 
 
 4
 Our first inquiry in every proceeding before this court is whether we have jurisdiction over the appeal. The jurisdiction of this court is derived solely from the statutory grant from Congress set forth in 28 U.S.C. Secs. 1292(c), 1292(d), and 1295 (1982 & Supp. III 1985). If the nature of the proceeding before us does not fall into one of these limited categories, this court is without power to hear the case. Because we conclude that the district court's order appealed from by Guardian does not fall within one of these categories, we must dismiss Guardian's appeal for lack of jurisdiction.
 
 
 5
 Guardian argues that jurisdiction of this court over its appeal from the district court's order denying Guardian's motion to reopen the 1983 judgment is based upon section 1292(c)(2). We disagree.
 
 Section 1292(c)(2) provides the following:
 
 6
 (c) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction--
 
 
 7
 * * * * *
 
 
 8
 (2) of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting.
 
 
 9
 The plain language of this provision clearly establishes, as grounds for our jurisdiction over an appeal, both a subject matter requirement and a completeness requirement. We have jurisdiction under this subsection only if (1) the subject matter of the trial court's judgment is otherwise appealable to this court and (2) the trial court's action is final except for an accounting.
 
 
 10
 Here, the order denying Guardian's motion to reopen the 1983 liability judgment is an element of a patent infringement proceeding brought by Johns-Manville before the district court. Because jurisdiction of the district court over the patent infringement proceeding rests on 28 U.S.C. Sec. 1338, this court, pursuant to 28 U.S.C. Sec. 1295, will have jurisdiction from a final judgment of the district court in this case. On this basis, we conclude that the district court's order meets the subject matter requirement of section 1292(c)(2). However, the order does not meet the completeness requirement of section 1292(c)(2). The district court's order does not constitute a judgment that is final except for an accounting. Still pending before the district court, along with the accounting phase of the litigation, is the liability phase of the litigation involving Johns-Manville's amended complaint. Accordingly, because the district court's order adjudicated fewer than all of Johns-Manville's claims relating to the liability phase of the litigation, we must hold that we lack jurisdiction pursuant to section 1292(c)(2) over this appeal. See Veach v. Vinyl Improvements Products Co., 700 F.2d 1390, 217 USPQ 97 (Fed.Cir.1983).
 
 
 11
 Guardian, citing McCullough v. Kammerer Corp., 331 U.S. 96, 73 USPQ 136 (1947), and Albert v. Kevex Corp., 729 F.2d 757, 221 USPQ 202 (Fed.Cir.1984), contends that, pursuant to section 1292(c)(2), this court has jurisdiction to entertain its appeal at this time. We, however, do not find these cases to be in support of Guardian's position. The United States Supreme Court, in McCullough, held that, in a patent infringement suit, an appeal may be taken from a trial court's order denying on the merits a party's motion only when "[t]here was then nothing that remained to be done [by the trial court] except to conduct an accounting." McCullough, 331 U.S. at 99, 73 USPQ at 138. Here, in contrast, not only was there remaining before the district court the accounting phase of the litigation, but there also was remaining the liability phase of the litigation involving Johns-Manville's amended complaint. McCullough simply does not support Guardian's assertion that we have jurisdiction in this case.
 
 
 12
 Likewise, Albert does not support jurisdiction in this case. This court, in the cited Albert decision, refused to reconsider the issue of jurisdiction which had been settled by rulings in unpublished, non-precedential orders. The decision intimates that jurisdiction was found to be present because the issues raised in connection with the appeal of the dismissed counts were wholly separable from the remainder of the case before the district court. Albert, 729 F.2d at 759, 221 USPQ at 204. Assuming that might be a basis for a right to appeal (and we do not know the facts of Albert ), the district court's order denying Guardian's motion to reopen does not present an issue that is wholly separable from the remainder of the case before the district court. Rather, the issue addressed by the order concerns the validity of the patent in suit, which issue underlies the remaining liability phase of the litigation before the district court.
 
 
 13
 In view of the foregoing, we conclude that this court does not have jurisdiction to hear Guardian's appeal at this time. Guardian's appeal is dismissed. Accordingly, we need not reach the merits of the following motions now pending before this court: "Appellants' (Guardian's) Motion to Declare the Appeal Timely Pursuant to 28 USC 1292(c) [sic]" filed by Guardian on July 21, 1987, and "Defendants-Appellants' (Guardian's) Motion for Reconsideration of the Granting of Appellees' Motion and for Leave to File Out of Time" filed by Guardian on November 4, 1987.