883 F.2d 1026
 11 U.S.P.Q.2d 1815
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
RANDOMEX, INC., Plaintiff-Appellee,
v.
SCOPUS CORPORATION and Dennis Haskamp, Defendants-Appellants.
 No. 89-1213.
 United States Court of Appeals, Federal Circuit.
 July 12, 1989.
 
 Before BISSELL, ARCHER and MAYER, Circuit Judges.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 Scopus Corp. appeals the order of the United States District Court of Massachusetts, Randomex, Inc. v. Scopus Corp., No. 82-3523-MA-A (Nov. 30, 1988), denying Scopus' motions for a new trial on the issues of patent validity and patent misuse. We affirm.
 
 OPINION
 
 2
 Although the district court judgment was vacated and the holding of invalidity reversed by our mandate in the previous appeal of this case, see Randomex, Inc. v. Scopus Corp., 849 F.2d 585, 590, 7 USPQ2d 1050, 1055 (Fed.Cir.1988), Scopus filed motions in the district court under Fed.R.Civ.P. 59 and 60(b) seeking amendment of and relief from the judgment of "this Court." Because the motions could not attack a vacated district court judgment, we address separately the appealability of the district court's denial of these motions.
 
 
 3
 The Rule 60(b) motion requested a new trial on the validity issue resolved by our mandate. Accordingly, the Rule 60(b) order is final and appealable, see Standard Oil Co. of Cal. v. United States, 429 U.S. 17, 19 (1976) (holding that a district court may entertain a Rule 60(b) motion without leave of the appellate court even after the appellate court's mandate has issued), and is reviewed for an abuse of discretion. Browder v. Director, Dept. of Corrections, 434 U.S. 257, 263 n. 7 (1978); Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 3 (1st Cir.1989). According to the First Circuit, "before retrial is mandated under Rule 60(b)(3) in consequence of discovery misconduct, the challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." Anderson v. Cryovac, Inc., 862 F.2d 910, 924 (1st Cir.1988) (emphasis in original). Where the misconduct relates to withheld documents, "the documents themselves may constitute clear and convincing proof that no prejudice inured" to the movant. Id. at 926.
 
 
 4
 We have carefully considered the withheld letter and cannot conclude that prejudice inured to Scopus in connection with its best mode and enablement defenses as a result of the alleged misconduct. Accordingly, the district court did not abuse its discretion in denying the motion for a new trial.
 
 
 5
 A movant under Rule 60(b)(2) carries a greater burden than a movant under Rule 60(b)(3). Id. at 924 n. 10. To warrant a new trial under Rule 60(b)(2), the new evidence must be "of such a material and controlling nature as would probably have changed the outcome." Id. (citations omitted). Having failed to show an abuse of discretion in denying the Rule 60(b)(3) motion, it necessarily follows that Scopus has not shown that the district court abused its discretion in denying the Rule 60(b)(2) motion.
 
 
 6
 Although not clearly stated on its face, the Rule 59 motion was, in effect, a request for a new trial on the patent misuse issue resolved by the jury. Although a Rule 59 denial is not separately appealable, the denial of a Rule 59 motion and the judgment to which it is directed are collectively appealable. Railroad Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 1512, 220 USPQ 929, 935 (Fed.Cir.), cert. denied, 469 U.S. 871 (1984). We hold that the district court order was a "final decision" or "final order" reinstating the jury verdict of no patent misuse, see McCullough v. Kammerer Corp., 331 U.S. 96, 99-100 (1947) (looking past the title placed on district court's document to determine its effect), and also a denial of the new trial motion on that issue. We, accordingly, have jurisdiction of the appeal.
 
 
 7
 An order denying a Rule 59 motion for a new trial is reviewed for an abuse of discretion. Codex Corp. v. Milgo Elec. Corp., 717 F.2d 622, 632, 219 USPQ 499, 507 (1st Cir.1983), cert. denied, 466 U.S. 931 (1984). Recognizing the discretionary nature of its authority, the district court denied the Rule 59 motion because Scopus failed to adequately show why certain evidence could not have been obtained earlier. On appeal, Scopus did not address its failure to obtain this evidence. Accordingly, the appeal record provides no basis to support a holding that the district court abused its discretion in denying the motion.