**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 15, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-31170
Summary Calendar

_____

SAMUEL MICHAEL SCHILDKRAUT,

Plaintiff-Appellant,

versus

BALLY'S CASINO NEW ORLEANS, LLC, "The Belle" or "The Company",
doing business as Belle of Orleans LLC, doing business as Bally's
Casino Lakeshore Resort, doing business as Bally's Casino New
Orleans, doing business as Bally's Louisiana Inc.; PARK
PLACE/BALLY'S ENTERTAINMENT CORPORATION, NYSE, PPE, doing
business as Park Place Entertainment Corporation, doing business
as Caesars Entertainment, Inc.; BALLY'S MIDWEST CASINO, INC.,
doing business as Bally's Louisiana II Inc., doing business as
Bally's Holding Company, Inc.,

Defendants-Appellees.

-------------------------------------------------------------------

SAMUEL MICHAEL SCHILDKRAUT,

Plaintiff-Appellant,

versus

BALLY'S CASINO NEW ORLEANS, LLC, The Belle or The Company, doing
business as Belle of Orleans LLC, doing business as Bally's
Casino Lakeshore Resort, doing business as Bally's Casino New
Orleans, doing business as Bally's Louisiana Inc.; PARK
PLACE/BALLY'S ENTERTAINMENT CORPORATION, NYSE, PPE, doing
business as Park Place Entertainment Corporation, doing business
as Caesars Entertainment, Inc.; BALLY'S MIDWEST CASINO INC.,
doing business as Bally's Louisiana Inc., doing business as
Bally's Holding Company, Inc., doing business as Bally's
Louisiana II Inc.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-366
USDC No. 2:04-CV-504
--------------------

Before JOLLY, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

Samuel Michael Schildkraut appeals from the magistrate judge's summary-judgment dismissal of claims under federal and state law against Schildkraut's former employer, Bally's Casino New Orleans, LLC, and other related business entities.

Schildkraut has filed a number of motions. He requests the appointment of counsel, a transcript at government expense, and to proceed in forma pauperis on appeal. Schildkraut also seeks the recusal of the magistrate judge and the Chief Judge of this court, to name the magistrate judge as a co-defendant, to have this court "answer a few questions," and to have several exhibits entered into evidence. He requests that his motions be disposed of immediately.

Because, as explained below, we lack jurisdiction over this appeal, Schildkraut's motions are DENIED AS MOOT.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Federal appellate courts have jurisdiction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

over appeals from (1) final orders, (2) certain interlocutory orders, (3) proceedings that are deemed final due to jurisprudential exception, and (4) orders that have been certified as final or that have been properly certified for appeal by the district court. 28 U.S.C. §§ 1291, 1292(a),(b); FED. R. CIV. P. 54(b); Dardar v. Lafourche Realty Co., 849 F.2d 955, 957 (5th Cir. 1988); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).

Our review of the record reveals that the defendants asserted a counterclaim against Schildkraut, alleging that Schildkraut had defamed them by broadcasting false and inflammatory statements. The counterclaim remains unadjudicated.

"[A]s a general rule, all claims and issues in a case must be adjudicated before appeal, and a notice of appeal is effective only if it is from a final order or judgment." Swope v. Columbian Chemicals Co., 281 F.3d 185, 191 (5th Cir. 2002). Because the magistrate judge has not issued either a final appealable judgment nor a judgment certified for appeal under FED. R. CIV. P. 54(b), and there is still an outstanding claim between the parties, this court lacks jurisdiction at present. See id.; Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc., 170 F.3d 536, 538-39 (5th Cir. 1999); Ronel Corp. v. Anchor Lock of Florida, 312 F.2d 207, 208 (5th Cir. 1963). Accordingly, the appeal is DISMISSED for lack of jurisdiction.

APPEAL DISMISSED; MOTIONS DENIED AS MOOT.