# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30766

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2020

Lyle W. Cayce
Clerk

DENISE A. BADGEROW,

      Plaintiff - Appellant

v.

GREG WALTERS; THOMAS MEYER; RAY TROSCLAIR,

      Defendants - Appellees

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

Before JOLLY, GRAVES, and DUNCAN, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

A panel of arbitrators issued an arbitration award dismissing all of the plaintiff's claims against Ameriprise Financial Services, Inc. (Ameriprise) and three of its franchise advisors. The plaintiff then filed a petition in Louisiana state court to vacate that arbitration award, as to certain defendant parties. The defendants in the Louisiana state-court proceeding removed the action to vacate to federal court. The plaintiff moved to remand, asserting that the federal court lacked subject-matter jurisdiction over the petition to vacate. The district court held that it did have subject-matter jurisdiction over the petition to vacate and thus denied remand. The district court, exercising that jurisdiction, then ruled on the removed petition to vacate, denying the

No. 19-30766

plaintiff's claims with prejudice, the merits of which are not appealed. This appeal followed, appealing only the jurisdiction of the federal court over the petition to vacate.

We hold that the district court had subject-matter jurisdiction over the plaintiff's petition to vacate the arbitration award and thus correctly denied remand. Accordingly, we affirm the judgment of the district court.

I.

The background to the underlying employment dispute in this case is more fully laid out in our opinion in the related case *Badgerow v. REJ Properties Inc.*, No. 19-30584. In this separate case, we set out here only the procedural history relevant to the jurisdictional question implicated in this appeal.

Denise Badgerow was employed as an associate financial advisor by REJ Properties, Inc. (REJ), a Louisiana corporation whose three principals (collectively, "the Principals") were "independent franchise advisors" for Ameriprise.[1] She was employed at REJ from January 2014 until July 2016, when she was terminated.

During her employment with REJ, Badgerow signed an agreement to arbitrate any disputes that may arise between her and "Ameriprise Financial or its Affiliates." This agreement required her to arbitrate all claims against the Principals, who were all Ameriprise affiliates. After her termination, Badgerow initiated an arbitration proceeding against the three principals before an arbitration panel of the Financial Industry Regulatory Authority (FINRA). Later, after Ameriprise successfully moved to compel arbitration in a separate federal lawsuit, Badgerow added a declaratory judgment claim against Ameriprise to the FINRA arbitration.

---

[1] The three principals of REJ were Thomas Meyer, Ray Trosclair, and Greg Walters.

No. 19-30766

In the FINRA arbitration, Badgerow sought damages from the Principals for tortious interference of contract and for a violation of Louisiana's "whistleblower" law.  Her declaratory judgment claim against Ameriprise sought to hold Ameriprise jointly liable for the alleged discriminatory conduct of the Principals and REJ.  In December 2018, the FINRA arbitration panel issued an award dismissing all of Badgerow's claims against both the Principals and Ameriprise with prejudice.

In May 2019, Badgerow brought a new action in Louisiana state court—a petition to vacate the FINRA arbitrators' award dismissing her claims against the Principals.  She alleged that the FINRA arbitrators' dismissal of the whistleblower claim was obtained by fraud committed by the Principals on the FINRA arbitrators, and that this fraud required vacatur of the FINRA panel's dismissal of all her claims against the Principals.  In her petition to vacate, Badgerow named only the Principals as defendants.  The Principals removed the Louisiana action to vacate to the federal court of the Eastern District of Louisiana.  Badgerow filed a motion to remand, asserting the lack of federal subject-matter jurisdiction.  The Principals filed their own motion to confirm the FINRA arbitration award.

The district court held that it had federal subject-matter jurisdiction over Badgerow's petition to vacate and thus denied remand to Louisiana state court. Ruling on the substance of the petition, the court held that no fraud had been perpetrated by the Principals on the FINRA arbitrators and therefore denied vacatur of the FINRA arbitration dismissal award.  The court also confirmed the FINRA arbitration dismissal award with respect to all parties.  Badgerow has timely appealed the denial of her motion to remand.

No. 19-30766

## II.

## A.

On appeal, Badgerow, we repeat, challenges only the finding of federal subject-matter jurisdiction over her petition to vacate and the denial of remand, not, in any instance, the merits of the confirmation of the FINRA arbitration dismissal award, nor the dismissal on the merits of the removed petition to vacate. Stated differently, the only issue for our review is whether the district court properly found that it had *jurisdiction* to rule on the merits of the removed petition to vacate and properly denied remand.

"[T]he proper standard of review of a district court's denial of a motion to remand is de novo." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 182 (5th Cir. 2018).

## B.

We start with the basics. The federal removal statute requires, among other things, that a removed case must be a civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When the action at issue is one brought under the Federal Arbitration Act (FAA), analyzing whether the district courts would have original jurisdiction over the action can become a nuanced question.[2]

---

[2] Badgerow notes that she brought her petition to vacate in state court under the Louisiana Arbitration Law, not the Federal Arbitration Act. But she presents no argument as to how the jurisdictional analysis would differ if we were to apply the Louisiana Arbitration Law rather than the FAA. In any event, the arbitration agreement between Badgerow and Ameriprise that covers this dispute explicitly states that it is "covered and enforceable under the terms of the Federal Arbitration Act." This arbitration agreement covers disputes between Badgerow and Ameriprise as well as disputes between Badgerow and the Principals, who are franchisees of Ameriprise. Furthermore, the First Circuit has held that "where the FAA applies, it may be displaced by state law (if at all) only if the parties have so agreed explicitly." *Ortiz-Espinosa v. BBVA Sec. of Puerto Rico, Inc.*, 852 F.3d 36, 42 (1st Cir. 2017) (citing *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 590 (2008)). Here, not only does the agreement lack an explicit agreement to invoke the Louisiana Arbitration Law, it in fact contains an agreement to apply the FAA. And finally, even if the Louisiana Arbitration Law were to apply, "Louisiana courts look to federal law in interpreting the

No. 19-30766

In *Vaden v. Discover Bank*, 556 U.S. 49 (2009), the Supreme Court adopted the so-called "look-through" analysis for determining federal jurisdiction in actions to compel arbitration under section 4 of the FAA. Although the instant proceeding is a petition to vacate under FAA section 10, our court has held that "motions brought under sections 9, 10, and 11 [of the FAA], each of which provides the ability to seek a different remedy in district court following an arbitration award, are subject to the look-through approach endorsed in *Vaden*." *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 843 (5th Cir. 2020). Under this analysis, "a federal court should determine its jurisdiction by 'looking through' [an FAA] petition to the parties' underlying substantive controversy." *Vaden*, 556 U.S. at 62. If "looking through" to the claims involved in the underlying dispute (in this case, the claims brought in the FINRA arbitration proceeding) shows that the dispute itself (*i.e.* the dispute that was presented to the FINRA arbitrators) could have been brought in federal court, then federal jurisdiction lies over the FAA petition. *Id.*

III.

A.

The district court's application of the look-through analysis proceeded in the following steps: (1) Federal jurisdiction exists over the petition to vacate if at least one of Badgerow's claims in the FINRA arbitration was predicated on federal law; (2) Badgerow's joint-employer claim against Ameriprise in the FINRA arbitration was predicated on federal employment law; (3) The joint-employer claim against Ameriprise in the FINRA arbitration may confer federal jurisdiction, even though the dismissal of that claim is not a dismissal

---

Louisiana Arbitration Law because it is virtually identical to the United States Arbitration Act . . . ." *Chevron Phillips Chem. Co., LP v. Sulzer Chemtech USA, Inc.*, 831 So. 2d 474, 476 (La. App. 2002). We will therefore treat the petition as one brought under FAA section 10, the FAA equivalent of the Louisiana Arbitration Law provision Badgerow seeks to invoke.

that Badgerow seeks to vacate with her petition to vacate; and (4) Federal jurisdiction therefore exists over the petition to vacate because of the federal claim against Ameriprise in the FINRA arbitration.

On appeal, Badgerow argues that the third step of the analysis was erroneous because only claims in the FINRA arbitration that were made against the Principals, the defendants in the petition to vacate, may be considered for the purposes of determining federal jurisdiction over the petition. She thus argues that because she does not seek to vacate the FINRA arbitrators' dismissal of her claim against Ameriprise and has not named Ameriprise as a defendant in this action, the claim against Ameriprise in the FINRA arbitration cannot be considered in the look-through analysis. We next move to the merits of this objection.[3]

## B.

Badgerow argues that by not naming Ameriprise as a defendant in her state-court action to vacate, and by not challenging the FINRA panel's dismissal of her claim against Ameriprise, she has disqualified her FINRA arbitration claim against Ameriprise as a potential source of federal jurisdiction over her petition to vacate. As Badgerow accurately notes, "the language in *Vaden* specifically requires looking through to the underlying

---

[3] Badgerow also argues that the second step of the court's analysis, *i.e.* that a federal claim is presented, was wrong because the joint-employer claim against Ameriprise in the FINRA arbitration did not arise under federal law and thus cannot confer federal jurisdiction. But Badgerow asserted in the FINRA arbitration that "Ameriprise tacitly participated in all the conduct Ms. Badgerow alleges herein and in the Federal Complaint with regard to discrimination and other employment issues described herein." Badgerow here refers to her complaint in a separate federal discrimination suit, where Badgerow brought several claims of Title VII liability against REJ. Thus, Badgerow sought a declaratory judgment establishing that Ameriprise was a joint employer with REJ, which would make Ameriprise liable for any injuries inflicted on Badgerow by REJ in violation of federal civil rights law. Adjudicating that claim requires applying Title VII (specifically the four factors laid out in *Trevino v. Celanese Corp.*, 701 F.2d 397, 403–04 (5th Cir. 1983)) and thus arises under federal law. The district court plainly was correct in finding that Badgerow's claim against Ameriprise in the FINRA arbitration was a federal-law claim.

controversy 'between the parties.'" The only parties to this case are Badgerow and the Principals, not Ameriprise. Badgerow thus argues that the look-through analysis "should only look at [the] controversy 'between the parties' to her action to vacate, and not the claims made in the arbitration against a third-party Ameriprise." The district court rejected this argument, holding that "Badgerow cannot deprive the Court of subject matter jurisdiction over an action to vacate the award by stripping off a single state law claim [*i.e.* the claim against the Principals] as a basis for attacking the award."

A careful reading of *Vaden* demonstrates that the district court's approach was correct. *Vaden* tells us that federal jurisdiction lies over an FAA petition "if, 'save for' the [arbitration] agreement, the entire, actual 'controversy between the parties,' as they have framed it, could be litigated in federal court." *Vaden*, 556 U.S. at 66 (citation omitted). *Vaden* emphasizes that our view of the "actual controversy between the parties" should not be too narrow. "The relevant question is whether the whole controversy between the parties—not just a piece broken off from that controversy—is one over which the federal courts would have jurisdiction." *Id.* at 67.

So we turn to engage *Vaden*'s look-through analysis to assess whether, "save for the arbitration agreement," a federal court would have had jurisdiction over an action raising the same claims against the Principals that Badgerow brought in the FINRA arbitration proceeding—namely tortious interference and Louisiana "whistleblower"—the dismissal of which she now seeks to vacate.

Our look-through analysis here shows that Badgerow's claims against Ameriprise and the Principals all arose from the same common nucleus of operative fact, namely her employment claims of unfair treatment and discriminatory conduct while working at REJ, which claims include her state-law claims of interference of her employment contract and her whistleblower

claims, the subject of her Louisiana motion to vacate. And, in an action arising out of this "whole controversy"—*i.e.* this "full-bodied controversy," *Vaden*, 556 U.S. at 68 n.16—the federal-law claim against Ameriprise would have been sufficient for federal jurisdiction to bestow its adjudicative powers over Badgerow's state-law claims against the Principals under supplemental jurisdiction principles. *See* 28 U.S.C. § 1367(a).

We thus hold that, applying the look-through analysis, the district court correctly found that the federal claim against Ameriprise in the FINRA arbitration proceeding meant that there was federal subject-matter jurisdiction over the removed petition to vacate the FINRA arbitration dismissal award. The district court therefore correctly denied Badgerow's motion to remand the action to vacate to Louisiana state court.

## IV.

In this opinion, we have held that the district court had jurisdiction over Badgerow's petition to vacate, which was filed in, and removed from, the Louisiana state court. To resolve that question, we have first acknowledged that we are bound by our court's *Quezada* decision to apply the look-through analysis as defined by the Supreme Court in *Vaden*. Applying the look-through analysis, we have held, first, that the district court correctly found that Badgerow's Title VII declaratory judgment claim against Ameriprise in the FINRA arbitration was a federal-law claim. We have held, second, that all of Badgerow's claims against the Principals and Ameriprise in the FINRA arbitration arose from the same common nucleus of operative fact, and that under the principle of supplemental jurisdiction, federal jurisdiction obtains over Badgerow's state-law tortious interference and whistleblower claims. The district court therefore properly held that Badgerow's federal claim against Ameriprise in the FINRA arbitration invested federal jurisdiction over Badgerow's Louisiana petition to vacate the FINRA arbitration award as to the

No. 19-30766

Principals.  Because there was federal jurisdiction over the removed petition to vacate, denial of remand back to the Louisiana state court was proper.

We therefore AFFIRM the denial of remand.  Since Badgerow does not challenge the merits of the district court's order denying vacatur, confirming the FINRA arbitration award dismissing the claims against the Principals, and dismissing the case in its entirety with prejudice, the judgment of the district court is, in all respects,

AFFIRMED.