# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2021

Lyle W. Cayce
Clerk

No. 20-40707

Tonya Van Tiem,

*Plaintiff—Appellant*,

*versus*

First American Title Company;
First American Home Warranty Corporation;
First American Corporation;
Suzan Kelly, Individually,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CV-458

Before Jones, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Plaintiff-Appellant Tonya Van Tiem challenges several rulings of the district court that resulted in the dismissal of her claims against Defendants-

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40707

Appellees.  For the following reasons, the judgment of the district court is AFFIRMED.

## I. Background

Tonya Van Tiem worked as a sales representative for First American Home Warranty Corporation ("First American").  During her employment, various disputes arose stemming from Van Tiem's belief that her orders were being wrongfully redirected, reassigned, and misappropriated to other accounts, resulting in an alleged reduction of her "numbers, bonuses, and compensation."  In 2017, she resigned.

In 2018, Van Tiem sued First American, First American Title Co. ("FATCO"), First American Corporation (collectively, the "corporate Defendants"), and a former colleague, Suzan Kelly, in state court for fraud, conspiracy to commit fraud, breach of contract, tortious interference with existing and prospective contracts, and intentional infliction of emotional distress.  Both Kelly and Van Tiem are citizens of Texas.  First American and FATCO are California corporations, and First American Corporation is a Delaware corporation.  Defendants removed the case on the basis of diversity jurisdiction, arguing that Kelly, the only non-diverse defendant, was improperly joined.  Van Tiem filed a motion to remand the case back to state court, which the district court denied.  In the same order, the district court disregarded Kelly's citizenship for the purpose of determining diversity jurisdiction and dismissed the claims against Kelly without prejudice.

Van Tiem amended her complaint.  The remaining Defendants moved to dismiss her claims, a motion the court granted for all claims except the breach-of-contract claim against First American.  Months later, the court resolved the remaining breach-of-contract claim in favor of the First American on summary judgment and entered final judgment on August 6, 2020.

No. 20-40707

On September 3, Van Tiem filed a motion for a new trial. Because no trial had taken place, the district court construed the motion as two separate motions—a Rule 59(e) motion and a Rule 60(b) motion. The court reasoned that Van Tiem filed her motion twenty-eight days after the entry of final judgment, so the portion of the motion contesting summary judgment should be adjudicated under Rule 59(e). But, because the portion seeking relief from the earlier Rule 12(b)(6) dismissal was not filed "within twenty-eight days of the judgment or order of which the party complains," the district court construed that request as falling within Rule 60(b). The district court denied relief from summary judgment under Rule 59(e). The court denied relief for the remainder of Van Tiem's motion as untimely under Rule 60(b), as it was "filed more than one year after her fraud claims were dismissed." On October 18, twenty-seven days after the district court denied the motion for a new trial, Van Tiem filed her notice of appeal.[1]

## II. STANDARD OF REVIEW

This court conducts *de novo* review of both denials of motions to remand and grants of motions to dismiss. *See Badgerow v. Walters*, 975 F.3d 469, 472 (5th Cir. 2020) (motions to remand); *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009) (motions to dismiss). Further, this court has "an independent duty to determine [its] jurisdiction over any case presented to [it] for decision." *Colle v. Brazos Cnty.*, 981 F.2d 237, 240 (5th Cir. 1993).

## III. DISCUSSION

On appeal, Van Tiem challenges (1) the district court's denial of her motion to remand; (2) its dismissal of her claims against Kelly; and (3) its

---

[1] In her briefing, Van Tiem did not appeal the district court's grant of summary judgment for First American on the breach-of-contract claim.

No. 20-40707

dismissal of her claims against the corporate Defendants. Defendants add a jurisdictional challenge, contending that Van Tiem's notice of appeal was untimely filed more than a year after entry of the dismissal order to which it was directed. Rule 60(b) motions must ordinarily be filed within a year of the entry of judgment. FED. R. CIV. P. 60(c)(1). The timeliness of Van Tiem's appeal and the district court's denial of her motion to remand implicate this court's jurisdiction and are analyzed first.[2]

### A. Timeliness of Van Tiem's Appeal

The issue undergirding the timeliness of Van Tiem's appeal is one of interpretation. Both the Defendants and the district court effectively assumed, for different purposes, that "judgment" as used in the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure includes non-final orders entered by the district court. That assumption is incorrect.

Defendants argue that Van Tiem's notice of appeal is untimely because it was filed more than one year—the maximum amount of time permitted under Rule 60(b)—after entry of the dismissal order to which it was directed. In other words, since Van Tiem appeals only the district court's 12(b)(6) dismissal order, Defendants argue that Van Tiem's opportunity to challenge the earlier dismissals has lapsed. Defendants' argument is based on the district court's bifurcated disposition of Van

---

[2] Defendants filed a motion asking this court to strike Van Tiem's arguments in support of jurisdiction because they were not raised in her opening brief. We deny this request. Just as objections to subject-matter jurisdiction can never be waived, neither can arguments responding to such objections. *Colbert v. Brennan*, 752 F.3d 412, 416 (5th Cir. 2014) ("Because this is a jurisdictional issue, it cannot be waived or forfeited." (citing *Bowles v. Russell*, 551 U.S. 205, 213, 127 S. Ct. 2360, 2366 (2007))). Regardless, this court has an independent responsibility to evaluate its jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 607 (1990).

Tiem's motion for new trial under Rules 59(e) and 60(b). Mindful of the different deadlines in each rule, the district court assumed there were two different "judgment" dates.

But the proper interpretation of "judgment" includes only appealable orders. A "judgment" is "any order from which an appeal lies." FED. R. CIV. P. 54(a). This includes any final decision from which an appeal is permitted under 28 U.S.C. § 1291, or any appealable interlocutory order. *See Swope v. Columbian Chems. Co.*, 281 F.3d 185, 191 (5th Cir. 2002); *Ronel Corp. v. Anchor Lock of Fla., Inc.*, 312 F.2d 207, 208 (5th Cir. 1963). Because the district court's denial of remand and dismissals of the claims against Kelly and the corporate Defendants fit in neither category, they do not qualify as "judgments." *See Williams v. Seidenbach*, 958 F.3d 341, 343 (5th Cir. 2020) (en banc) ("[I]n a suit against multiple defendants, there is no final decision as to one defendant until there is a final decision as to all defendants.").

Consequently, Van Tiem's motion for a new trial should have been construed as a Rule 59(e) motion in its entirety. Rule 59(e) provides that a motion to alter or amend a judgment may be made "no later than 28 days after the entry of the *judgment*." FED. R. CIV. P. 59(e) (emphasis added). The only "judgment" in this case was the district court's final judgment on August 6, and Van Tiem filed her motion within the 28-day window permitted under Rule 59(e). *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994) ("A motion for reconsideration is deemed to arise under Rule 59 if filed within rule 59's . . . time limit regardless of the label applied to the motion." (internal quotations omitted)).

Here, the record indicates no entry of final judgment as to any of the parties or claims until the judgment was entered on August 6, 2020. Neither the order dismissing Van Tiem's claims against Kelly nor the order dismissing her claims against the corporate Defendants include any

indication that the district court intended to certify Rule 54(b) final judgments as it pertained to those dismissals. Therefore, the dismissals remained "prejudicial adverse interlocutory rulings" that were nonreviewable until they "merged into the final judgment terminating the action." *See Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 247 (5th Cir. 2019). Accordingly, Van Tiem's motion for new trial is properly understood in its entirety as a timely Rule 59(e) motion.

The consequence is that Van Tiem's appeal is timely. "The filing of a Rule 59(e) motion within the 28-day period suspends the finality of the original judgment for purposes of an appeal." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (internal quotations omitted). It is only upon the resolution of that motion that the finality of the judgment is restored and the "30-day appeal clock" starts again. *Id.* Here, Van Tiem timely filed her notice of appeal twenty-seven days after the district court denied her motion.

## B. Motion to Remand

Remand of a case removed to federal court is proper when the federal court determines it lacks subject-matter jurisdiction. *See* 28 U.S.C. §§ 1441(a), 1447(c). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Ambiguities should be strictly construed in favor of remand. *Id.*

Because Van Tiem and Kelly are non-diverse, removal was proper only if Kelly was improperly joined. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 613 (2005) (describing the complete diversity requirement). The federal removal statute, 28 U.S.C. § 1441(a), authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction;" but subsection (b)(2) specifies that suits not arising under federal law are removable "only if none

No. 20-40707

of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (quoting 28 U.S.C. § 1441(b)) (emphasis in original).

To determine whether a nondiverse defendant was improperly joined, a district court must determine whether "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[3] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573). The court follows a Rule 12(b)(6)-type analysis. *Id.* at 207–08. But "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 835 F.3d at 573.

The district court concluded that Kelly was improperly joined after conducting a thorough claim-by-claim analysis that applied the relevant pleading standards and applicable law. We briefly address why each of the claims against Kelly was insufficiently plead and therefore had "no possibility of recovery."

### 1. Fraud

Van Tiem contends she met Rule 9(b)'s heighted standard for pleading fraud because the state court petition provided the "who, what, when, where, and how" of the alleged fraud. She points to allegations that "Defendants, including Suzan Kelly 'redirected, reassigned, and

---

[3] Van Tiem argues that Texas pleading standards apply to our evaluation of improper joinder. This court's precedent establishes that the contrary is true. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016) ("So, in a case that has been removed to federal court on the basis of diversity, the determinative question is whether—*under federal law*—a nondiverse defendant was improperly joined." (emphasis in original)).

misappropriated' Van Tiem's orders." And she alleged that these orders would be moved to house accounts or cancelled and re-logged to other employees. Further, Van Tiem emphasized that she brought this to the attention of her supervisors, "namely Kelly," who "began to retaliate" by manipulating more orders, making false claims about Van Tiem's sales numbers, and trying to revoke a "sales award previously given." She emphasizes that Kelly "spearheaded" the effort against her.

Van Tiem argues that, on these allegations, the district court erred in three specific ways. First, the court erred by assuming an affirmative representation is required to plead fraud when deceptive conduct is enough. Second, the court erred by missing the fact that Van Tiem pled a viable fraud by non-disclosure claim. Third, that Van Tiem did, in fact, allege an affirmative misrepresentation by stating that Defendants, *inter alia*, "claimed that Van Tiem was mistaken, there was no problem, and that Van Tiem simply did not know how to read the reports."

The first two arguments were not raised before the district court in Van Tiem's motion to remand. In fact, in that motion Van Tiem set forth the very elements of fraud—including the requirement of a material misrepresentation—cited by the court and now criticized on appeal. Thus, to the extent the district court "missed on Texas law demanding an affirmative representation to maintain a fraud claim," it was arguably relying on Van Tiem's own characterization of the applicable law in her motion for remand.

Regardless, the district court did not "miss" the fact that fraud in Texas can be based on concealment or non-disclosure. It expressly

No. 20-40707

recognized this possibility.[4]  At bottom, though, the district court could not identify "any misrepresentations made by Kelly" alleged in the petition. This conclusion was correct.  Notwithstanding its general averment that "Defendants fraudulently schemed" by "re-directing, reassigning and misappropriating" Van Tiem's clients' orders, the Original Petition failed to allege any *specific* misrepresentation made by Kelly (or any defendant) that Van Tiem relied upon.  Even the examples of fraud by concealment or non-disclosure raised by Van Tiem in her brief provide the specific acts relied upon to form the basis of the fraud claim (e.g., "lighting a scented candle to mask a permanent, offensive odor," and "swapping a document to convey a piece of land different from what was intended").[5]  Nothing so specific was alleged in the pleading.  Thus, the district court did not err in concluding Van Tiem's Original Petition failed to state a claim of fraud for improper joinder purposes.

### 2.  Conspiracy to Commit Fraud

Van Tiem's arguments with respect to conspiracy fare no better.  As a threshold matter, to the extent the Original Petition failed to allege fraud it

---

[4]  Its focus on Defendants' alleged "material misrepresentations" is understandable given alleged "material misrepresentations" were mentioned multiple times in the short portion of the Original Petition titled "Fraud/Conspiracy to Commit Fraud."

[5]  Nor does the Original Petition state a claim under the elements of fraud by non-disclosure presented in Van Tiem's appellate briefing.  For example, the petition does not specify the "non-disclosure" that she "relied on" that "resulted in injury."  Nor did she allege particularized facts suggesting Defendants intended Van Tiem "to act or refrain from acting based on the nondisclosure."  And Van Tiem did not specifically explain what "material facts" Defendants "deliberately failed to disclose."  What material facts about this process were concealed from Van Tiem that she relied upon?  Her conclusory allegations are not enough.  Nor is generally asserting these efforts were "spearheaded by Kelly."

*a fortiari* failed to allege conspiracy to commit fraud. But even setting that aside, the petition did not sufficiently allege a conspiracy specific to Kelly.

Van Tiem concedes that Kelly could not have conspired with her employer, First American, because Kelly was the employer's agent. But Van Tiem argues that, because the other two corporate defendants were distinct legal entities from First American, Kelly could conspire with them. Nevertheless, the Original Petition lacks any specific facts about this supposed conspiracy. At best, it generally alleges that "Defendants, jointly and severally, conspired to fraudulently acquire [Van Tiem's] placements through their numerous misrepresentations." But it is entirely bereft of any specific misrepresentations made by a particular defendant, much less factual allegations supporting a conspiracy between the three corporate defendants.

### 3. Tortious Interference with Contract

Van Tiem attacks the district court's decision on tortious interference on two grounds. First, she contends that tortious interference with a *prospective* contract does not require "any contract exist or that the defendant be a third party to the transaction." Second, she contends the Original Petition did allege "that Kelly's conduct was independently tortious." She contends it did so by alleging that "Defendants, including Kelly, 'began denigrating plaintiff' with 'false and malicious representations' to her clients" and by "providing fraudulent, 'slanderous statements and information' to Van Tiem's professional contacts."

As to the first argument, Van Tiem is right in part—by definition interference with a prospective contract does not require an existing contract. But Van Tiem points to no example of such a claim applying to tortious interference with a defendant's *own* prospective contract with a third party. That makes little sense. What Van Tiem seems to be arguing is that Kelly's tortious interference with prospective contracts was *not* interference with

contracts that Van Tiem was procuring on behalf of First American. Rather, as she makes clear in her second point, Van Tiem contends Kelly, and the other defendants, interfered in her *personal* ability to enter into prospective contracts with potential clients after she no longer worked for First American.

But the Original Petition only alleged tortious interference with her contracts while she was employed by First American. The facts relating to post-employment retaliation were applied in the context of her IIED claim. And even if those facts were considered as applied to tortious interference with prospective contracts, Van Tiem provides nothing more than conclusory allegations. She does not point to specific statements (of Kelly or any defendant), name a single potential client, or allege any facts to support a conclusion that Van Tiem would have entered into a business relationship with a particular third party but for such interference. In short, she does not sufficiently allege facts to satisfy the elements of interference with prospective business relationships.[6]

### 4. IIED

Van Tiem does not dispute the district court's characterization of the legal standard for IIED claims. Rather, she focuses on supporting the

---

[6] *See D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 218 (5th Cir. 2018) ("The elements of tortious interference with a prospective business relationship are that (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result." (quotation marks and citation omitted)).

possibility that the alleged conduct was "extreme and outrageous." Alternatively, Van Tiem suggests that the district court improperly applied the application of IIED as a "gap filler" because it ultimately disposed of all of the alternative claims for relief. But she does nothing to refute the case law cited by the district court that a plaintiff cannot assert an IIED claim merely because of her inability to prevail on another theory of relief designed to address the gravamen of the plaintiff's complaint. *See, e.g.*, *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 815–16 (Tex. 2005) (describing IIED requirements as "exacting," a "gap-filler," and recognizing that when a plaintiff's "complaints are covered by other statutory remedies, she cannot assert them as intentional infliction claims just because those avenues may now be barred"). And the facts alleged in the Original Petition do not come close to pleading the elements required of an IIED claim.[7]    *Id.* at 818 ("[E]xcept in circumstances bordering on serious criminal acts, we repeat that such acts will rarely have merit as intentional infliction claims.").

We find no error of fact or law in the court's decision to deny remand.

## C. Motion to Dismiss for Failure to State a Claim

Van Tiem also challenges the district court's grant of the corporate Defendants' motion to dismiss all but one of her claims (the remaining one having been the subject of an un-appealed adverse summary judgment). When considering a motion to dismiss, this court views "the facts as pled in the light most favorable to the nonmovant" and judges whether the

---

[7] To establish a cause of action for IIED, a plaintiff must demonstrate that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Brennan v. Mercedes Benz USA*, 388 F.3d 133, 136 (5th Cir. 2004).

complaint alleges "more than labels and conclusions." *Jebaco*, 587 F.3d at 318 (internal citations omitted).

Van Tiem's arguments relating to the district court's dismissal of the fraud, conspiracy to commit fraud, tortious interference with contracts, and IIED claims for the remaining defendants generally follow the arguments made with respect to Kelly's improper joinder. But a few distinct points bear mentioning.

With respect to the fraud claims, Van Tiem takes issue with the district court's conclusion that FATCO and First American Corporation were not a party to the compensation plan and, thus, could not be liable for fraud. Van Tiem argues that a direct contractual relationship isn't required "so long as the defendant partakes in and benefits from the fraud." In context, the district court was addressing Van Tiem's position that First American executed the compensation plan "with no intent to pay commissions or give her credit for the orders she secured on its behalf." The district court concluded the complaint gave only "threadbare recitals of the elements of a cause of action." On top of that, the court observed that there was no indication that "FATCO and First American" Corporation were "party to" the compensation plan, thus "there is no allegation that any Defendant other than [First American] made any material representations to Van Tiem." This can be fairly construed as finding no sufficiently particularized allegation that FATCO and First American Corporation "partook in" the alleged fraud. Whatever the circumstances may be where non-parties to a contract can be liable for fraud without making any material misrepresentations themselves, this case is not it.[8]

---

[8] Van Tiem similarly argues that she alleged a conspiracy among multiple parties because she alleged that Defendants *jointly* perpetrated the alleged fraud. But this argument misses the point: The First Amended Complaint's conclusory allegations of

No. 20-40707

With respect to tortious interference, Van Tiem argues that First American (warranties), FATCO (titles), and First American Corporation (human resources and legal), all worked together to "conceal the scheme," and that this means there is "a viable basis of recovery for tortious interference." But this misses the point that the "allegations" in the complaint were conclusory in nature. The factual heart of the complaint were the allegations that First American was not paying Van Tiem in accordance with their mutually agreed upon compensation plan. That breach-of-contract claim was *not* dismissed. It was disposed of at summary judgment only after Van Tiem completely failed to adduce any evidence of a single improperly attributed order. And Van Tiem does not appeal that ruling.

Here again, after careful review of the record, this court finds no error of fact or law requiring reversal of the district court's meticulous order.

For the foregoing reasons, the judgment of the district court is AFFIRMED.[9]

---

jointly perpetrated fraud are insufficient to allege specific facts to support a claim of conspiracy. Simply saying the word "jointly" is not enough. Van Tiem tries to flesh out the role of the various defendants in her brief, but these details weren't alleged in her complaint.

[9] Appellees' motion to strike arguments made in Appellant's Reply Brief is DENIED.